EASTERN DIST.
*February,* 1838.

BOSTWICK
*vs.*
GASQUET ET AL.

BOSTWICK *VS* GASQUET ET AL.

APPEAL FROM THE COURT OF THE THIRD JUDICIAL DISTRICT FOR THE
PARISH OF EAST FELICIANA, THE JUDGE OF THE EIGHTH PRESIDING.

When the wife gives in evidence, in an action against others, a judgment
against her husband, the burden of proof is on her, to show, when fraud
is alleged, that such judgment was fairly obtained.

Property in possession, and administered by the husband, is presumed to
belong to the community.

A judgment of separation of property is null, under the Code, if it has not
been executed by the payment of the rights and claims of the wife, made
to appear by authentic act, or at least by a *bonâ fide* non-interrupted
suit, to obtain payment.

A judgment of separation of property, duly obtained and published, places
the parties in the situation, as if no community had ever existed.

This case commenced by an injunction. Susan Bostwick,
the plaintiff, alleges she obtained a judgment of separation
of property against her husband, in December, 1822, which
was duly executed, and her paraphernal rights and effects
restored to her, and that she has been in the full administra-
tion of her separate property, both that which she recovered
and that acquired by her since the separation; that on the
28th October, 1833, Gasquet & Co., and the College of
Louisiana, levied executions on several tracts of land and
some slaves belonging to her, and which she alleges and
claims to be her own separate property. She prays for an
injunction to stop the sale, and that said property be decreed
to belong to her, in her own right.

The defendants pleaded a general denial, and averred,
that if any separation of property ever took place between the
plaintiff and her husband, it was for the purpose of defrauding
the present and future creditors of the husband, and placing
his property out of their reach. They pray that the injunction
be dissolved, and that they be suffered to proceed with their
sale.

Upon these issues and pleadings, the cause was tried before EASTERN DIST. the court and a jury. *February*, 1838.

The plaintiff offered, in evidence, to support her rights and claims, the judgment of separation, and other testimony to show its execution, that she had title to the property seized.

BOSTWICK
*vs.*
GASQUET ET AL.

The judgment was objected to as evidence against the other creditors of the husband, who were not parties to it. Instructions, and a charge to the jury, were asked in its support. These are fully set out, in the opinion of the court, which follows.

The jury, upon the evidence and charge from the judge, brought in a verdict for the defendants; and from judgment thereon, dissolving the injunction, the plaintiff appealed.

*Lawson* and *Preston*, for the plaintiff.

1. The plaintiff claims the property enjoined, in virtue of the judgment of separation of property from her husband, rendered the 9th of December, 1822. This judgment cannot be attacked collaterally, in a suit like the present. It can only be done in a direct revocatory action. 11 *Martin*, 607. 2 *Martin*, *N. S.*, 292. 2 *Louisiana Reports*, 590.

2. A judgment is presumed to be rendered on the production of proper evidence, and after due procedings had. 8 *Martin*, *N. S.*, 236.

3. So, strangers to a judgment, or persons not parties, cannot be allowed to attack it on the ground of irregularity, or being rendered on insufficient grounds. 1 *Martin*, *N. S.*, 165.

4. The plaintiff was in possession of the property under her judgment, and cannot be dispossessed by an order of seizure, and the validity of her judgment attacked in this way. No question of fraud in obtaining judgment, can be inquired into, in a case commencing with a seizure and sale. 9 *Louisiana Reports*, 379.

*T. L. Andrews* and *Muse*, for the defendants.

1. The property in question belonged to Bostwick. It was acquired during marriage; and all the property purchased during marriage, is community. *Louisiana Code*, 2371.

EASTERN DIST.
February, 1838.
─────────
BOSTWICK'
vs.
GASQUET ET AL.

2. The injunction, in this case, must be dissolved for irregularities, apparent on the record, and for want of right to the property. 8 *Martin, N. S.*, 561.

3. The property was in the possession of John Bostwick when seized. He had built houses on it, made improvements, and exercised acts of ownership on it. It is clearly liable to his debts, to be sold by his creditors.

*Bullard, J.*, delivered the opinion of the court.

This case presents substantially the same questions as that of Muse, Syndic, *vs.* Yarborough and others, just decided, except that it is the wife herself who alleges the separation of property, and seeks to establish her title to property acquired after the judgment of separation was pronounced against certain creditors of her husband.

Gasquet & Co., and the College of Louisiana, having recovered judgments against John Bostwick, the husband, caused execution to be levied on certain real property. His wife obtained an injunction, on the allegation that she was separated of property from him by judgment, in 1822, which was duly executed ; and that she had acquired the property levied on, since the separation.

The defendants, for answer, denied generally the allegations in the petition; and they further aver, that if any separation ever took place, it was by fraud and collusion between the plaintiff and her husband, and for the purpose of placing the husband's property beyond the reach of existing and future creditors.

The verdict of the jury was for the seizing creditors, and the plaintiff appealed.

The appellant relies upon a bill of exceptions taken to the refusal of the judge to charge the jury as prayed for by her counsel: 1st. That the judgment of separation cannot be collaterally questioned, and that a direct action of nullity should be brought. 2d. That if Susan Bostwick was in possession of the property by conveyance, before the seizure, fraud cannot be collaterally inquired into in a case commencing with a seizure ; and that the party complaining, must

bring a direct revocatory action. 3d. That when the contest is between the wife and the creditors of the husband, as to her privilege on the property, she must establish the fairness of her judgment: but it is different when she is in possession of property by deed, or otherwise. 4th. That when a wife has obtained a judgment against her husband, and had it executed, subsequent creditors must prove that such judgment was obtained to defraud them; and that if John Bostwick had no property upon which her judgment could be executed, she was not bound to sue out execution. 6th. That after a judgment of separation, the community ceases to exist, and the property belongs to the spouse, who acquires it until such judgment be set aside by direct action.

The judge, on the contrary, charged the jury, that when the wife gives in evidence, in an action against others, a judgment against her husband, the burden of proof is on her to show, when fraud is alleged, that it was fairly obtained; that property in possession and administered by the husband, is presumed to belong to the community; that a judgment of separation of property is null under the code, if it has not been executed by the payment of the rights and claims of the wife, made to appear by authentic act, or at least by a *bonâ fide* non-interrupted suit, to obtain payment; and that when a judgment of separation has been duly obtained and published, the situation of the parties is as if no community had existed between them.

We fully concur with the judge of the district, in these positions; they are in accordance with the opinions of this court in the case above referred to, and supported by the authorities therein cited.

Upon the merits, a careful examination of the evidence has failed to satisfy us that the verdict ought to be disturbed.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

68

*Margin notes:*

EASTERN DIST.
*February*, 1838.

BOSTWICK
*vs.*
GASQUET ET AL.

When the wife gives in evidence, in an action against others, a judgment against her husband, the burden of proof is on her to show, when fraud is alleged, that such judgment was fairly obtained.

Property in possession, and administered by the husband, is presumed to belong to the community.

A judgment of separation of property is null under the Code, if it has not been executed by the payment of the rights and claims of the wife, made to appear by authentic act, or at least by a *bonâ fide* non-interrupted suit, to obtain payment.

A judgment of separation of property, duly obtained and published, places the parties in the situation, as if no community had ever existed.