[In Bank.—December 27, 1883.]

ROSE C. SCHULER, RESPONDENT, *v.* SAVINGS & LOAN SOCIETY AND HENRY SCHULER, APPELLANTS.

HUSBAND AND WIFE—CONTRACT—TRANSFER OF SAVINGS DEPOSIT.—A party contracted to convey certain real estate upon which he and his wife then resided. After the contract was made the wife declared a homestead upon the land, and refused to join with her husband in the execution of a deed. To induce her to sign the deed, the husband made a transfer to her of a deposit in a savings bank standing in his name. The action was brought by her to recover the deposit. *Held,* that the transfer was valid, and that she was entitled to recover.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion of JUSTICE McKEE.

*Geo. W. Tyler,* for Appellants.

*M. C. Hassett,* for Respondent.

McKEE, J.—The appellant, Henry Schuler, was the owner of a brewery in Sonora, in this State, and he and his wife, the respondent herein, resided in two of the rooms of the brewery building. On or about September 1, 1874, the husband contracted to sell the property for three thousand dollars; one thousand dollars payable "in hand," another thousand on or before the 1st of October next thereafter, and the remaining thousand on or before the 1st of November following. The wife, *having heard of the sale,* made and recorded a declaration of homestead upon the property on the 18th of September, 1874; and when the time came for the husband to perform his contract, she refused to join in the execution of the deed, unless

he would secure her for her interest in the homestead claim. There was no evidence whether the property, before the making and filing of the declaration of homestead, was the separate property of the husband, or community property. In the absence of such evidence, the presumption is that it was community property (*Althof* v. *Conheim,* 38 Cal. 230), and when the declaration of homestead was made and recorded by the wife, the property became, by operation of law, the estate in joint tenancy of the husband and wife (§ 1265, Civ. Code of 1874), of which they were jointly seized in equal shares. It was, therefore, not part of their community property.

Recognizing the existence of the legal relation between himself and wife in respect to the property, the husband consented to secure her for her interest or estate in the homestead premises; and for that purpose he executed to her a transfer of a bank book which he had with the Savings and Loan Society of San Francisco, which showed on deposit in the bank a balance in his favor of about two thousand seven hundred dollars. The transfer was in the following words:—

"Sonora, October 22, 1874.

"Savings and Loan Society, 619 Clay Street.

"Transfer to Rose C. Schuler the bal. of my account.

"Henry Schuler.

"Witness, D. Redmond."

This transfer the husband delivered with the bank book to his wife, upon the receipt of which she abandoned the homestead by joining in the execution and delivery of the deed of the property to the purchaser.

It is admitted by counsel for appellant that the transfer and delivery of the bank book were made to the wife in consideration of her joining in the execution of the deed. The transfer was therefore valid and effectual to vest title in the wife, if she had the legal capacity to contract with her husband concerning her joint real property. Section 158 of the Civil Code has provided that "either husband or wife may enter into any engagement or transaction with the other, or with any other person, respecting property, which either might if unmarried," etc.

Under this law husband and wife are not one in respect to the separate, joint, or common property, which may have been

acquired by either; they are co-equals, and each is allowed to contract with the other in regard to such property, as either might contract with a stranger. The rights of either in respect to such property are substantially equivalent, differing chiefly in the single circumstance that the husband, being still considered the head of the family, is entitled to manage and control the property of the wife for the benefit of both, and to dispose of the common property, except for the purpose of defrauding the wife of her rights therein. The transaction between the husband and wife, relating as it did to real property of which they were joint owners, was, therefore, one in which they could engage with each other.

But it is urged that while the wife, by the transfer, acquired the right to the money, she acquired it " as common property, and not absolutely and for her sole and separate use." Yet the transaction was made between the parties as if they were unmarried. (§§ 158, 159, *supra.*) The husband dealt with his wife as a *femme sole,* and in that capacity she dealt with him, and as such the transfer was made and the bank book delivered to her. Having received them as a *femme sole,* she would seem to be entitled to the fruits of the transaction as her separate property.

But whether the money be regarded as the separate property of the wife, or the common property of the husband and wife, we see no error in the record, or judgment in the case, prejudicial to the appellant. For, as shaped by the pleadings, the case involves an action to obtain the possession of money deposited in a bank by one whose title to it is admitted. If it was the separate property of the wife, her property and remedial rights to it are unquestionable. If it was common property, neither her property right nor her capacity to sue has been questioned. By his answer the husband, while admitting the transaction between himself and wife, affirmatively averred, that it was intended, by the transaction, to vest the money in the name of the wife as common property; and that he had notified the bank not to pay the money to her because it was common property of himself and wife; while the bank by its answer averred its readiness to pay the money to whoever was lawfully entitled to it. The verdict was for the plaintiff, and judgment was entered in her favor, from which the bank has now appealed.

Even if the money be common property, the judgment does not affect the right of the husband. Nor would possession of the money by the wife affect his rights. Her possession of common property is his possession; and he cannot, any more than any other tenant in common, sue his co-tenant for the possession of the common property, or his interest therein, except in case of a conversion. That, according to the issues raised by his answer, is not this case.

There is no error in the instructions of the court to the jury, and there are no errors in the record prejudicial to the appellant.

Judgment and order affirmed.

Myrick, J., and Sharpstein, J., concurred.

McKinstry, J., concurring. — We concur in the judgment. The point urged by the appellant is that the court below erred in giving the following instruction: "If you believe from the evidence that the defendant, Henry Schuler, had agreed to convey certain real estate in Sonora, on which plaintiff and said defendant resided at the time, to said Bacigalupi, that plaintiff filed a declaration of homestead, declaring the same a homestead, and that in consideration that plaintiff would execute with said defendant a deed of said real estate to said Bacigalupi, the said defendant made and delivered the instrument *Exhibit A*, then you will find for the plaintiff."

"Exhibit A" speaks for itself, and, in our opinion, operated a transfer to plaintiff of the balance of the account in bank.

Morrison, C. J., and Thornton, J., concurred.