## No. 9656.

Mrs. Julia Trezevant and Husband vs. H. B. Holmes, Sheriff et al.

A wife enjoining the seizure and sale of movables seized under executory process against her husband as part of the mortgaged property, on the double ground that they belong to her and were not covered by the mortgage, because not attached to the mortgaged property, has no interest in the last question, because, if they do not belong to her, it is not her concern whether they were covered by the mortgage and were properly seized or not; and if they do belong to her, it is of no consequence whether they were attached to the property or not. The question of title is the only material issue.

Although we have held that the agency of the husband is not incompatible with the wife's separate administration, yet such agency must be clear and certain, and the administration must be distinctly conducted in her name and for her account.

Under the circumstances of this case, where the husband conducted, as one plantation, three adjoining places, one belonging to his wife and the others to himself, carried on the whole business in his own name, shipped the crops, obtained advances and supplies, and received credits on his own account, such administration is that of the husband and the fruits belong to the community.

Movables on such places, destined to the use of the whole property, purchased during the existence of the community and found in the husband's possession, are presumed to belong to the community.

These presumptions can only be rebutted by clear evidence establishing that they were purchased by the wife with paraphernal funds under her separate administration and control.

The evidence in this case fails to establish the wife's title, and as she has no authority to vindicate rights appertaining to the community, her claim is rejected.

APPEAL from the Eighth District Court, Parish of Madison. *Delony, J.*

---

*A. L. Slack* and *E. C. Montgomery* for Plaintiff and Appellee.

*Stone & Murphy* and *W. S. Benedict* for Defendant and Appellant.

---

The opinion of the Court was delivered by

Fenner, J.   At the date of her marriage with Geo. T. Trezevant in 1871, Mrs. Julia Trezevant held, under an agreement of purchase afterwards perfected, a plantation in Madison parish. Subsequently her husband bought two tracts of lands, adjoining the wife's property, one on each side. From the date of said purchases, the three tracts were embodied and administered as one plantation under the control of the husband.

Since 1880, the commercial firm of Nugent & Lallande and, after its dissolution, John B. Lallande, had been the factors of the entire plantation, the business being conducted exclusively with the husband, in whose sole name the accounts were kept, upon whose credit the supplies and advances were furnished, who shipped all the crops in his own name and received credit for all proceeds of sale.

The planting operation resulted disastrously and, in 1884, being indebted to Lallande in the sum of $8700, Geo. T. Trezevant executed in his favor an act of mortgage upon the tracts of land belonging to himself.

In December, 1884, Lallande took out executory process under which the sheriff seized the mortgaged property and also twenty mules and one wagon claimed to be attached thereto.

Thereupon Mrs. Trezevant instituted the present injunction proceeding enjoining the sale of the mules and wagon on the ground that they are her separate paraphernal property and were not attached to the mortgaged property or covered by the mortgage, and praying for judgment perpetuating the injunction, decreeing her to be the owner of said mules and wagon, and awarding her damages against Lallande and the sheriff.

An attempt is made to raise a double issue, viz: 1st. That she is the owner; 2d. That, even if the husband was owner, yet the seizure was wrongful, because the mules and wagon were not attached to the mortgaged property.

The last question is irrelevant. If Mrs. Trezevant is the owner, it matters not whether they were attached to the property or not. If she is not the owner, they belong to the husband or to the community, and she has no authority to vindicate rights appertaining to either.

We have, therefore, nothing to decide but the question of title.

We have read and weighed the whole evidence with great care, and we are satisfied the wife's claim of title is not sustained.

The pretension that the wife retained the administration of her plantation and conducted the same through her husband, merely as her agent, is at variance with the law and with all the facts. It is true we have held that such agency is not incompatible with the wife's separate administration; but we were careful to emphasize the circumstances which should characterize such administration. Thus we said: "Mrs. Jackson administered the plantation in her own name, her husband acting as her agent by virtue of procurations which she was always careful to prepare and to deposit with her merchants, who are shown to have recognized her authority as principal in all transactions. The accounts with her successive merchants were always kept in her name; she was credited with all its revenues and charged with all its expenses. Her husband, who conducted other plantations for his own account, kept his own accounts with the same merchants entirely separate from the wife's plantation accounts." And we said: "So long as the acts of the spouses make it clear and certain that the

wife intends to reserve the administration to herself and the husband does not assume to interfere in the administration except as the express and open agent of the wife, we can see nothing to prevent the administration as being that of the wife, 'separately and alone' in the sense of the law." Miller vs. Handy, 33 Ann, 160.

With regard to the facts of this case, it suffices to say that they are marked by a conspicuous absence of every feature above indicated, and that to permit the wife to claim the benefit of separate administration under such circumstances would be to nullify the law and to enable the spouses to assign the fruits to the wife or to the community in their own option as their convenience might require. Hence, we are bound to hold that the plantation was under the administration of the husband and that the fruits thereof fell into the community.

Thus, every presumption of law is against the wife's ownership. The mules and wagon were purchased during the existence of the community, and the presumption is that they were community property.

They were in possession of the husband, who possessed and administered the plantation, and this gives rise to another presumption of community ownership. Bostwick vs. Gasquet, 11 La. 537.

They were destined to the use of the three plantations as a whole; but even were they considered as attached to the wife's plantation, (which we do not decide) that would not convert them into immovables by destination as part thereof, if they belonged to the community and were placed thereon by it. Hall vs. Wyche, 31 Ann. 734.

It does not clearly appear that the wife had paraphernal funds, or any funds not derived from the revenues of this plantation which belonged to the community.

So far as the origin of the price paid for the property is concerned is clearly traced, it is shown to have been paid by the husband out of funds under his own control, and most of it by drafts upon Lallande, which form part of the indebtedness for which the mortgage was taken.

The property was assessed as that of Trezevant and wife.

The husband represented to Lallande that he owned all the mules and movables on the places.

The mules were all branded with his initials.

The confused and contradictory evidence of the wife is totally insufficient to overcome all these powerful presumptions; and, indeed, upon the face of her own statements, taken as a whole, we should conclude that her claim of title was not sustained.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed; and it is now ordered, adjudged and decreed that there be judgment rejecting plaintiff's demand and dissolving the injunction issued herein, reserving to defendant, John B. Lallande, his rights against the principal and surety on the injunction bond—plaintiff to pay costs in both costs.