[No. 857.   October 2, 1901.]

# HEBER T. STRONG, Trustee, Plaintiff and Appellant, v. MATTIE L. EAKIN et al., Defendants and Appellees.

## SYLLABUS.

1.   The Spanish-Mexican law as to community or acquest property, became the law of this Territory from the time of the cession, and is still in force in so far as the same has not been abrogated or modified by statute.

2.   This law creates a presumption that all property acquired and held by husband and wife during coverture, is community property and is subject to the payment of the husband and community debts.   And this presumption casts the onus upon the claimant of a separate estate.

3.   The presumption of law is that every debt contracted during the existence of the marriage, is the debt of the community.

4.   The presumptions above referred to constitute a rule of evidence, and while sections 1509, 1510 and 1511, Comp. Laws of 1897, enacted in 1884, and known as the Married Woman's act, and section 2676, Comp. Laws, 1897, enacted in 1889 modify to some extent the rigors of the civil and common laws, by enlarging the rights and privileges of married women to receive, enjoy, hold and dispose of their separate property, and provides exemption from liability in certain cases; the above presumptions and rule of evidence, are still in force as to the property acquired by the husband or by both spouses during the existence of the marriage community, and to community debts also, in the absence of evidence of a separate estate, sufficient to overcome the legal presumptions.

5.   In the absence of any evidence of a separate estate the above presumptions are conclusive and will warrant a recovery, but they may be overcome by proof of a separate estate, sufficient to constitute a preponderance.

Appeal from the district court of Bernalillo county, before J. W. CRUMPACKER, A. J.   Reversed and remanded with directions.

Strong v. Eakin.

STATEMENT OF FACTS.

This cause was tried by the court, jury being waived. At the conclusion of the plaintiff's evidence, defendants' counsel moved the court to find the issues for the defendants and dismiss the complaint, which motion was sustained by the court and judgment was rendered dismissing the complaint and for costs against the plaintiff. From this judgment the plaintiff was granted and perfected an appeal to this court.

The facts disclosed by the record, are, that defendants, James D. Eakin and Mattie L. Eakin were married in the year 1884. That James D. Eakin and one John Brady entered into a copartnership and began business in the city of Albuquerque in the year 1892. That on the twenty-second day of July, 1895, the First National Bank of Albuquerque recovered a judgment against the firm of Eakin & Brady for the sum of $1,776.65, the judgment to bear twelve per centum interest per annum, and by a stipulation of the parties it is agreed that the consideration of this judgment was a promissory note dated December 2, 1893, given for money borrowed by said firm in the usual course of their business. That on the ninth day of February, 1892, S. N. Weil & Company recovered a judgment against said firm of Eakin & Brady for the sum of $97.46, the judgment to bear six per centum interest per annum. That on the twenty-fifth day of July, 1894, A. J. Davis, Sons & Company, recovered a judgment against the firm of Eakin & Brady for the sum of $262.95, the judgment bearing six per centum interest per annum and by the proofs it is shown that the judgment was recovered upon two promissory notes, dated August 4, 1893, and December 7, 1893, and that the notes were given for goods purchased by said firm in the conduct of business. That on the twenty-seventh day of October, 1898, the firm was by the court adjudged bankrupt upon their own voluntary petition, and upon the twenty-fifth day of April, 1899,

Heber T. Strong, the plaintiff, was duly selected and appointed trustee of the bankrupt estate of Eakin & Brady, and qualified as such. A stipulation was filed by the parties in which it is agreed that all of the judgments above referred to were presented and properly allowed as claims against said bankrupt estate of Eakin & Brady. That Mattie L. Eakin, one of the defendants, entered into a copartnership with one Charles Melini, and that prior to and at the time this suit was brought, said partners were engaged in the wholesale liquor business in the city of Albuquerque under the firm name of Melini & Eakin, and that Charles Melini is the owner of an undivided one-half interest in the property and assets of the firm of Melini & Eakin, subject to the payment of its indebtedness. It is admitted that the assets of the bankrupt estate of Eakin & Brady are insufficient to pay the debts of such firm, and so far as the record discloses the judgments above referred to are wholly unpaid.

The bill prays for the appointment of a receiver to take charge of the property and assets of the firm of Melini & Eakin, and that an account may be taken of the interest of said marriage community composed of James D. Eakin, bankrupt, and Mattie L. Eakin, in the said form, and that the assets of said firm be sold and debts of said partnership paid, and that after the payment of said debts, the share of said community in and to said assets be paid to the plaintiff, and for other and further relief.

ALONZO B. McMILLAN and JOHNSTON & FINICAL for appellants.

The presumption is that all property in the possession of either spouse is community property, and the burden of the proof is upon the defendants to show the contrary by competent evidence.

Ballenger on Community Property, sec. 123.

Meyer v. Kinzer, 12 Cal. 252-3-5.

Schuler v. Savings and Loan Soc., 64 Cal. 397,
1 Pac. 479.

McCelvey et al. v. Cryer et al. (Tex.), 37 S. W.
175.

Suc. of Webre, 49 La. 1491, 22 So. 390.

Of course this presumption may be overcome by evidence, but in the absence of evidence it is conclusive.

Ballenger on Com. Prop., secs. 11, 123, 163, 221.

Meyer v. Kinzer, 12 Cal. 252.

Schuler v. Savings and Loan Soc., 64 Cal. 397,
1 Pac. 479.

Althof v. Conheim, 58 Cal. 230.

Lott v. Keach, 5 Tex. 394.

Ediugton v. Mayfield, 5 Tex. 663.

Osborne v. Osborne, 63 Tex. 496.

McCelvey et al. v. Cryer et al. (Tex.), 37 S. W.
175.

Bryan v. Moore, 11 Mart. 26, 13 Am. Dec. 347.

Suc. of Webre, 49 La. An. 1491, 22 So. 390.

Denegree v. Denegree, 30 La. An. 275.

Bouligny v. Fortier, 16 La. An. 209.

Montegut v. Tronart, 7 Mart. 362.

Ford v. Ford, 1 La. 206.

Grayson v. Sanford, 12 La. An. 646.

City Ins. Co. v. Str. Lizzie Simmons, 19 La. An.
249.

Van Wickle v. Violet, 30 La. An. 1106.

Bostwick v. Casquet, 11 La. 534.

Suc. of Pratt, 12 La. An. 457.

Huntington v. Legros, 18 La. An. 126.

Nores v. Caraby, 5 Rob. 113.

Bronson v. Balch, 19 La. An. 39.

Suc. of Breaux, 38 La. An. 728.

Babien v. Nolon, 6 Rob. 508.

Suc. of Baum, 11 Rob. 314.

Lynch v. Benton, 12 Rob. 113.

And the rule was the same at the Spanish law.

Neuve Rec., 5, 91.

Montegart v. Tronart, 7 Mart. 361.

Babin v. Nolan, 6 Rob. 508.

Suc. of Baum, 11 Rob. 314.

Grayson v. Sanford, 12 La. An. 646.

Art. 63, Schmidt's Law of Spain and Mexico. All debts contracted during marriage are presumed to be community debts.

Ballenger on Com. Prop., secs. 119, 149, 150.

Kennedy v. Bassiere, 16 La. An. 455.

Surle v. Heine, 20 La. An. 229.

Calhoun v. Leary, 6 Wash. 17, 13 Pac. 1070.

Andrews v. Andrews et al. (Wash. Ter.), 14 Pac. 68.

Oregon Imp. Co. v. Sagmeister et ux. (Wash.), 30 Pac. 1058.

McDonough v. Craig (Wash.), 38 Pac. 1034.

Powell et al. v. Pugh (Wash.), 43 Pac. 879.

Bierer v. Bullock, 9 Wash. 63, 36 Pac. 975.

Bryant v. Stetson & Post Mill Co. et al. (Wash.), 43 Pac. 931.

The entire community estate constitutes a primary fund for the payment of the community debts.

Ballenger on Com. Prop., sec. 120.

Barnett v. Barnett (N. M.), 50 Pac. 337-339.

CHILDERS and DOBSON for appellees.

There was a presumption of law under the old statutes, as they existed, that property acquired during the marriage community was community property, but that presumption does not continue, where the facts are denied, which would make it community property. We do not believe that the burden shifts as the result of this presumption. The general rule of pleading is, that when an issue is properly joined, he who asserts the affirmation must prove it.

Simonton v. Winter et al., 5 Peters 141.

See also Derrmott v. Jones, 23 How. 220.

The rule as to community property should be stated as follows: "All property acquired after marriage by either spouse is, prima facie, community property."

6 Am. and Eng. Ency. of Law (New Ed.), 325.

In Texas a married woman can engage in business with her separate property at the time of marriage, and the earnings thereof do not become community property.

Jones v. Esperson, 7 S. W. 488 (under a Texas statute).

In California, separate property at the time of marriage continues to be separate property until the contrary is shown.

Schuyler v. Brougher, 11 Pac. 119.

In re Bowers Estate, 21 Pac. 551.

Jackson v. Torrence, 23 Pac. 695.

Neher v. Armijo, 54 Pac. (N. M.) 239.

Legal conclusions can not be pleaded; it is no pleading at all.

Bliss on Code Pleading, sec. 219 et seq.

See also secs. 32 and 49, Code of Civil Procedure of New Mexico.

Whatever the decisions may have been in the earlier cases, there is no legal principle upon which this presumption can be invoked, where statutes such as our Married Woman's Act exist, where the wife is allowed to carry on business contract and be contracted with.

Secs. 1509, 1510, 1511 and 2676, Com. Laws N. M. 1897.

Main v. School, 54 Pac. 1125.

Freeborn v. Gassman, 32 Pac. (Wash.) 732.

This last case cited is directly in point.

OPINION OF THE COURT.

McFIE, J.—From the facts above stated, it is evident that the controversy involves the one-half interest in the property and assets of the firm of Melini & Eakin, not claimed by Melini, and over and above the indebtedness of said firm. The plaintiff seeks to subject this property to the payment of the judgments above referred to and which are alleged to be indebtedness of the marriage community of James D. and Mattie L. Eakin, upon the ground that such property is community property, being in the name of Mattie L. Eakin, one of the spouses of the marriage community of James D. and Mattie L. Eakin, which originated in the year 1884 and still exists. The defendants in their answer deny that the judgments are community debts, and also deny that the property involved is community property and subject to the alleged indebtedness, but do not affirmatively allege that the property is separate property of Mattie L. Eakin.

This court has repeatedly held that the Spanish Mexican law as to community or acquest property, became the law of this Territory from the time of the cession, and is still in force in so far as the same has not been modified by statute. Barnett v. Barnett, 9 N. M. 205; Crary v. Field, Ex., 9 N. M. 222.

In the case of Barnett v. Barnett, supra, decided by this court October 7, 1897, the court considered this subject very fully, and held that where the spouses are both alive the law in relation to their community property has not been changed by statute in this Territory, and says: "That any change of the Spanish law as to acquest property under the foregoing statutes, has been made, can not be seriously pretended; and that the foregoing authorities decisively establish that in such contingency, the law upon the subject in operation at the date of ces-

sion of the Territory must prevail, should be unhesitat-
ingly admitted."

There was no evidence given upon the trial as to
the source from which the property or money came
which was invested and used by defendant, James
D. Eakin, when he became a copartner in the firm
of Eakin & Brady. The record is silent as to
whether this property was acquired before or after the
intermarriage of James D. and Mattie L. Eakin. The
defendants in their answer, however, admit that they
were married in the year 1884, and the evidence shows
that the firm of Eakin and Brady began business in the
year 1892, or about eight years after the marriage. At
the close of the evidence for the plaintiff, the defend-
ants did not offer any evidence tending to show when
or in what manner the property invested by James D.
Eakin in the partnership business of Eakin & Brady was
acquired, or tending to show that such property was the
separate property of James D. Eakin prior to the mar-
riage. On the contrary, defendants' counsel moved the
court to find the issues for the defendants and to dis-
miss the complaint, and the court sustained the motion
and rendered judgment dismissing the complaint. The
plaintiff here insists, that in the absence of proof, the
law creates a presumption that property acquired by
either spouse to a marriage community, during its ex-
istence is community property and subject to the pay-
ment of community debts, and cites numerous authori-
ties in support of their contention.

Referring to the authorities cited, we find that this
question was before this court in the case of Neher v.
Armijo, 9 N. M. 325, and in an opinion rendered August
16, 1898, the court said: "It is insisted by the learned
counsel for defendant below that 'if appellant's ancestor,
Ambrosio Armijo, acquired title by deed from the New
Mexico Town Company, then the property in dispute
was community property, and the widow became the
owner of the undivided half thereof upon the death of

her husband.' Presumptively this proposition is true; conclusively it is not. The authorities uniformly lay down the rule that in the absence of proof to the contrary, the law presumes a community."

Ballinger in his work on Community Property, sec. 123, says: "It is a firmly settled rule, and the law creates the presumption that all property held by husband or wife is common property, and subject to the payment of the debts of the husband and community."

In the case of Meyer v. Kinzer, 12 Cal. 252, the court speaking by Justice Stephen J. Field, said: "The provisions of the statute are borrowed from the Spanish law, and there is hardly any analogy between them and the doctrines of the common law in respect to the rights of property consequent upon marriage. The statute proceeds upon the theory that the marriage, in respect to property acquired during its existence, is a community of which each spouse is a member, equally contributing by his or her industry to its prosperity, and possessing an equal right to succeed to the property after dissolution, in case of surviving the other. To the community all acquisitions by either, whether made jointly or separately, belong. No form of transfer or intent of parties can overcome this positive rule of law. All property is common property, except that owned previous to marriage or subsequently acquired in a particular way. The presumption, therefore, attending the possession of property by either, is that it belongs to the community; exceptions to the rule must be proved."

The doctrine announced in this case seems to have been adhered to by the courts of many other States. In the case of Schuler v. Savings and Loan Association, 64 Cal. 397, the court said: "There is no evidence whether the property before the making and filing of the declaration of homestead, was the separate property of the husband, or community property. In the absence of

such evidence, the presumption is that it was community property."

In the case of McCelvey et al. v. Crier et al., 37 S. W. 175 (Texas), the court said: "To establish any claim to the property of Samuel Jordan, it became necessary for appellant to show that he had been a married man, and that children had been born to him. The marriage was established, and there being no proof that the property had been obtained before marriage took place, the presumption would arise that the property was obtained during the marriage relationship and was community property."

That the law raises this presumption as to property acquired during coverture, it seems to us, there can be no doubt. The facts above stated clearly show that the marriage community was established in the year 1884, and the firm of Eakin and Brady in which James D. Eakin, one of the spouses, was a partner owning an undivided one-half interest in the property and assets thereof, began business in the year 1892, about eight years after the existence of the marriage community.

In the absence of all proof tending to show that the property of James D. Eakin was acquired prior to his marriage with Mattie L. Eakin (or in any other way, such as to constitute it the separate property of either James D. or Mattie L. Eakin, property thus admitted to be owned and in the possession of James D. Eakin or Mattie L. Eakin during coverture would be the property of the marriage community composed of James D. and Mattie L. Eakin, and the law raises a legal presumption to this effect sufficient to warrant a recovery. The plaintiff in this case being entitled to the benefit of this presumption, the necessity of overcoming the presumption necessarily devolves upon the defendants, unless the statutes of New Mexico to which we shall hereafter refer, change the rule of law. This presumption, however, may be overcome by proof to the contrary equivalent to a preponderance of the evidence.

In the case of Neher v. Armijo, supra, this court quotes approvingly section 167 of Ballinger on Community Property:

"Certainly it is not required that the proof to destory this presumption should be any more than sufficient to satisfy the mind of court or jury that its weight is enough to cause a reasonable person under all the circumstances to believe in its sufficiency in order to counterbalance the presumption that the property was acquired by the funds of the community. The property is merely considered the property of the community until the contrary is shown by legal proof, and the legal proof would seem to be a preponderance of the testimony under all the facts and circumstances in a particular case."

Justice Field in his able opinion in the case of Meyer v. Kinzer, supra, gives reasons why this presumption should be raised and why the burden of proof should be cast upon the party claiming that the property is a separate estate. The court says:

"This invariable presumption which attends the possession of property by either spouse during the existence of the community, can only be overcome by clear and certain proof that it was owned by the claimant before marriage, or acquired afterwards in one of the ways specified in the statute, or that it is property taken in exchange for, or in the investment, or as the price of the property he originally owned or acquired. The burden of proof must rest with the claimant of the separate estate. Any other rule would lead to infinite embarrassment, confusion and fraud. In vain would the creditors or purchasers attempt to show that the particular property seized or bought was not owned by the claimant before marriage, and was not acquired by gift, bequest, devise, or decent, or was not such property under a new form consequent upon some exchange, sale or investment. In vain would they essay to trace through its various changes the disposition of any sep-

arate estate of the wife so as to exclude any blending of it with the particular property which might be the subject of consideration."

Ballinger on Com. Prop., secs. 11, 123, 163, 221; Meyer v. Kinzer, 12 Cal. 252; Schuler v. Savings and Loan Soc., 64 Cal. 397, 1 Pac. 479; Althof v. Conheim, 58 Cal. 230; Lott v. Keach, 5 Tex. 394; Edington v. Mayfield, 5 Tex. 663; Osborn v. Osborn, 62 Tex. 496; McCelvey et al. v. Cryer et al. (Tex.), 37 S. W. 175; Bryan v. Moore, 11 Mart. 26, 13 Am. Dec. 347; Suc. of Webre, 49 La. An. 1491, 22 So. 390; Denagree v. Denagree, 30 La. An. 275; Bouligny v. Fortier, 16 La. An. 209; Montegut v. Tronart, 7 Mart. 362; Ford v. Ford, 1 La. 206; Grayson v. Sanford, 12 La. An. 646; City Ins. Co. v. Str. Lizzie Simmons, 19 La. An. 249; Van Wickle v. Violet, 30 La. An. 1106; Bostwick v. Casques, 11 La. 534; Suc. of Pratt, 12 La. An. 457; Huntington v. Legros, 18 La. An. 126; Nores v. Caraby, 5 Rob. 113; Bronson v. Balch, 19 La. An. 39; Suc. of Breaux, 38 La. An. 728; Babien v. Nolon, 6 Rob. 508; Suc. of Baun, 11 Rob. 314; Lynch v. Benton, 12 Rob. 113. And the rule was the same at the Spanish law, Nueva Rec. 5, 91; Montegart v. Tronart, 7 Mart. 361; Babin v. Nolin, 6 Rob. 314; Crayson v. Sanford, 12 La. An. 645; Art. 63, Schmidt's Law of Spain and Mexico.

Under the facts in this case and the legal presumption arising out of them, all of the property of either James D. or Mattie L. Eakin, found in the possession, or coming into the possession of either of them since the marriage relation has existed between them whether such property was the assets of the bankrupt firm of Eakin & Brady, or the existing firm of Melini & Eakin, must be presumed to be community property, in the absence of all proof to the contrary sufficient to overcome the facts and legal presumptions. There being no evidence offered to overcome the facts and legal presumption, at the trial, our conclusion necessarily is, that the property involved in this litigation, at the time of

the commencement of this suit, was the property of the marriage community of James D. and Mattie L. Eakin, and, therefore, subject to any unsatisfied indebtedness, if any such existed, of such community.

Our next inquiry is whether or not the judgments recovered against the bankrupt firm of Eakin & Brady, and which were presented and allowed as claims against the bankrupt estate, were community debts.    The facts disclose that these judgments were recovered against the firm of Eakin and Brady, in the case of the bank, for money borrowed by them in the usual course of business, and in the other cases for goods purchased in the usual course of the business of said firm, and that notes were given for the different amounts signed by Eakin & Brady.    The judgments were not appealed from, so far as the record shows, but there is a stipulation in the record by which it is agreed, that these judgments were presented and duly allowed by the trustees in Bankruptcy according to law, and admitting the dates of the rendition of the judgments, admitting also the amounts, the regularity of the proceedings for the recovery, and consenting that it shall be so considered in the disposition of this case by this court.

Concerning this matter of community indebtedness there is a presumption of law which is stated by Mr. Ballinger as follows:  "The presumption of law is, that every debt contracted during the existence of the marriage, is the debt of the community."

The case of Oregon Improvement Company v. Sagmeister et ux., 30 Pac. 1058, seems to be a leading case upon this subject, and is frequently referred to approvingly by the courts of Oregon and other States.

In that case the court says:   "That the property of the community can only be sold for a community debt has been so often decided by this court, and is so clear, under our statute, that we do not deem it necessary to here say anything in that regard.   We will proceed at once to the consideration of the other questions pre-

sented: Was the debt for which the judgment was recovered a community debt? The undisputed facts show and the court below found, that it was for materials furnished to the husband in the prosecution of his business as a contractor and builder. Is a business prose-cuted by the husband in the interest of the community, and from which the community will receive the benefits and profits, if any there are, a community business? We think it is. We can not conceive that it was the intention of the Legislature to have created an entity, and to have provided that all property coming into the hands of the husband should be prima facie the property of such entity, without at the same time having intended that the action of such husband in his efforts to obtain property should be prima facie in the interest of such entity. If the husband obtained any property by virtue of his exertions, it would prima facie at least, be the property of the community, and we think it must follow that in his efforts to obtain property it must prima facie be presumed that he acts for the community. Applying these principles to the case at bar, it must be held that the husband, in conducting such business of contractor and builder, was acting for the community; and thus holding, it would not only be anomalous, but an unconscionable position to hold that the community was not at least prima facie responsible for the results of such business. If the business resulted in profit, such profit would belong to the community. Can it with good conscience be said that, if it resulted in loss, the community should not be responsible? We think that every legal business conducted by the husband is prima facie in the interest of the community, and that, unless something appears to establish the contrary, the community is entitled to the profits thereof, and must bear the losses incident thereto."

In the case of Bryant v. Stetson & Post Mill Co. et al., 43 Pac. 931, the Supreme Court of Washington says: "Under the rule established by this court in Im-

provement Company v. Sagmeister, 4 Wash. 710, 30 Pac. 1058, the debt upon which this judgment was rendered was prima facie that of the community if incurred during its existence, and the fact that the community had been in existence for seven years, or more, before the rendition of judgment, raised at least a prima facie presumption that the debt upon which it was rendered was incurred while it existed."

In McDonough v. Craig, 38 Pac. 1035, the court again refers approvingly to the case of the Improvement Company v. Sagmeister, and further says: "A further consideration of the question has confirmed our conviction that everything rightfully done by the husband will be presumed to have been done in the interest of the community, and such presumption will obtain unless it is made affirmatively to appear that the transaction in question related to his separate property."

Ballinger on Community Property, secs. 119, 149, 150; Kennedy v. Bossiere, 16 La. An. 455; Surle v. Heine, 20 La. An. 229; Calhoun v. Leary, 6 Wash. 17, 32 Pac. 1070; Andrews v. Andrews et al. (Wash.), 14 Pac. 68; Powell et al. v. Pugh (Wash.), 43 Pac. 879; Biere v. Blulock, 9 Wash. 63, 36 Pac. 975; Mooddy v. Smoot, 78 Texas 119. In the case of Calhoun v. Leary et al., supra, the Supreme Court of Washington says: "But it is claimed that in the absence of any showing of this kind, it will be presumed that it was the separate debt of the spouse against whom the judgment was rendered. In our opinion, every debt created by the husband during the existence of the marriage, prima facie, is a community debt. All the property acquired by him is prima facie community property, and we think that justice and good conscience demand that the other presumption should also prevail. In the absence of any proof as to the nature of the debt this presumption obtained, and, for the purpose of this case, the debt upon which this judgment was rendered must be held to have been a community debt, and for that reason the entire property of

the community, divested by the sale made thereunder."

The judgments at bar, under the doctrine announced in the cases above referred to (which doctrine, in our opinion, is of equal force in this territory), were community debts, and the property involved in the suit claimed by Mattie L. Eakin, the undivided one-half of the net partnership assets of the firm of Melini and Eakin, was subject to the payment of the community debts, and the same having been allowed against the bankrupt estate, the plaintiff, as trustee, was entitled to the relief sought.

The appellees in this case rely upon two propositions to uphold the judgment of the court below: First, that there must be some proof offered as to when the property was acquired before any presumption can arise; and, second, that there is no legal principle upon which these presumptions relating to community property can be invoked where statutes such as our married woman's act, exist. The first proposition made by the counsel for appellees, has been disposed of by what we have already said, the court having arrived at the conclusion that the property in question was community property, and that he might reduce to his possession the community's undivided one-half interest in the net assets of the firm of Melini and Eakin, for use in the settlement of the said indebtedness of the firm of Eakin and Brady, in so far as said community was legally liable therefor.

The appellees refer the court to sections 1509, 1510, and 1511, and 2676 of the Compiled Laws of 1897, and insist that the community system, as it heretofore existed in this Territory, was abrogated and set aside by what is known as the Married Woman's Act which became a law in 1884, and of which sections 1509, 1510 and 1511 are a part, and it is contended on behalf of the appellee that:

"In effect these statutes have done away with the rule of community property, except as it furnishes a rule

for determining in reference to devises and distribution."

We are unable to agree to the correctness of this contention in so far as it is sought to be applied to community property during the life of the parties to the marriage community. The sections of the statute above referred to were enacted long before the case of Barnett v. Barnett, supra, was decided by this court, and the court was undoubtedly aware of the existence of the provisions of the Married Woman's Act, and yet in determining that case the court used the following language:

"The sequence of proceedings, and the absence of other legislation on the subject until 1887, established that the civil law as to decents, distribution, wills and testaments obtained here in 1846, and prevailed continuously unmodified to the time of the passage of the 'Act relating to the regulation of descents and apportionments of estates, approved, February 24, 1887, and in force from its passage.' These statutes expressly repeal all laws in force contravening its provisions, but it does not positively or by implication affect during the lives of husband and wife the acquest property, or direct its disposition until the death of the other. An act that became law February 26, 1889, supersedes the statute of 1887, above cited, but is likewise silent as to acquest property as long as the members of the marital partnership are both alive, though divorced."

The court in the same case and a little later on in the opinion, says: "We will now inquire whether the civil law as to acquest property during the lives of the parties who have contracted marriage and been divorced has been abolished in New Mexico." The court proceeds to answer this question, and after referring to numerous authorities the court arrives at the conclusion that the law as to community property had not been abolished in New Mexico, and yet, as has been said, the Married Woman's Act referred to by counsel in this case,

had been enacted about thirteen years prior to the rendering of that decision. Evidently this court did not agree with the contention of the counsel of the appellees in this case, that these statutes abolished the law relating to the community property in New Mexico. It is true that the Married Woman's Act gives very full and complete protection to married women in regard to their separate property, and practically gives married women absolute control, use and disposition of their own separate property; and it exempts their separate property from liability for the payment of the husband's debts; and further makes ample provision for their use, enjoyment and disposition of the same, and the profits upon, or enhancements or increase derived from the use of such separate property. The evident purpose of this statute was to protect the property rights of wives to their separate estate, which was derived by them from sources entirely independent of the husband and which did not accrue during the existence of the marriage community from the successful business enterprises of the husband. To this extent, there is some modification of laws in existence prior to the enactment of this statute, but in so far as the property involved in this case is property growing out of the business enterprises of either party to the marriage community, to the accumulation of which each of the parties are presumed to contribute equally, there can be no reason for the abrogation of the rule, nor do we believe this law was intended to, or did abrogate the rule, either in relation to presumptions arising as to community property or community debts, during the lives of the parties, and the existence of the community. The community system raises these presumptions simply as a rule of evidence for the protection of parties whom it is presumed have not the means of knowledge to establish facts which must necessarily be completely within the knowledge of the claimant of a separate estate.

The Married Woman's Act of 1884 contained no

general repealing clause, therefore, only such provisions of law in force at the time would be repealed by implication, as were repugnant to its provisions.     Section 1509 provides that a married woman may receive, hold, and enjoy separate property owned by her and the avails of her own industry, free from liability for her husband's debts. Section 1510 declares that a married woman shall be bound by her contracts and responsible for her torts, and that her own separate property shall be liable for her debts and torts, and empowers the wife with the consent of her husband, to make a valid contract.     Section 1511 provides that neither wife nor husband shall be liable for their separate debts or contracts, except for necessaries, for which each shall be liable. Section 2676 enacted in 1889, modifies section 1510 by providing that a married woman may enter into a contract and become a special partner either with her husband or other party, and may be a witness for or against her husband in litigation growing out of such partnership.

So far as the above sections relate to the ownership of property, they refer solely to the ownership of separate property by the wife.     The law as to the ownership of property by the husband is not changed by these sections.     The responsibilities of coverture remain as to the husband's property, which by the civil law became acquest or ganancial property, and this is true as to the wife also, as to such property; but as to the wife's separate property the rigors of the civil and common law have been considerably relaxed, although as to the wife's ownership of her separate property, she is practically *feme sole*, she can not withdraw community property, accumulated by the joint enterprise of both during the existence of the marriage community from its liability for legitimate community debts, and so long as the law of community property remains in force, although modified, the reason exists for the presumption raised by the civil law, imposing the onus upon the

claimant of a separate estate.    The mere fact that the
statute  enlarges the right of separate ownership in the
wife, does not remove the necessity for this presumptive
rule of evidence, in the absence of all proof of actual
ownership, because even the civil law which authorized
the presumption, recognized property owned by the wife
prior to her marriage or by provisions of statute to that
effect, as her separate property, and protected her ulti-
mate right of ownership therein, upon proof of the fact
sufficient to overcome the presumption, although the
same was acquired during coverture.    We see no reason
for a change of this rule of evidence by reason of the
enactment of the sections of the statute above referred
to.    Of course the construction placed upon these sec-
tions of the statute, should be understood as applying to
the facts of the case in hand.    In this case all of the
property possessed by either of the defendants, Mattie
L. and James D. Eakin, was accumulated during the
existence of the marriage community, as there is no evi-
dence whatever to the contrary.    It is true that Mattie
L. Eakin is one of the partners of the firm of Melini and
Eakin, and James D. Eakin's name is not known in con-
nection with such partnership, but there is no proof as to
when this partnership was formed, or when it began bus-
iness, but it must have been formed during the existence
of the marriage community inasmuch as James D. Eakin
and Mattie L. Eakin were both alive and the marriage
relation still existed at the date of the commencement of
this suit.    There is no proof that the property and as-
sets invested, in the partnership were derived by her
prior to her marriage, nor that she received it from any
source, which by the statute became her separate prop-
erty.    The indebtedness is shown by the proof to have
accrued during the existence of the marriage community
which still exists.    As a matter of law, therefore, a pre-
sumption arises that the property was owned by the mar-
riage community; that the indebtedness was the indebt-
edness of the community, and that the community prop-

erty is subject at least to such part of this indebtedness as may be chargeable against the interest of James D. Eakin and Mattie L. Eakin, in the net partnership assets of the firm of Eakin and Brady and Eakin and Melini. Of course this presumption may be overcome by proof that the investment of Mattie L. Eakin in the firm of Eakin and Melini was her own separate property, and her partnership property upon proper proof, may be established and protected by the judgment of the court, but the burden of proof being cast upon her by the legal presumption which we feel compelled to uphold, and no proof whatever being offered by her, or on her behalf, nor appearing in the case sufficient to overcome this presumption, we are of the opinion that the court erred in rendering judgment against the appellant dismissing his complaint.

We are referred by counsel for the appellees in their brief, to the cases of Main v. Scholl, 20 Wash. 201, and Freeburger v. Gazam, 32 Pac. 732. These cases were both decided by the Supreme Court of the State of Washington, where statutes very similar to our Married Woman's Act, and also the law of community property are in force; and it is insisted that these cases are in point here. We have examined these cases and do not regard them as at all inconsistent with the views which we have above expressed. In the case of Main v. Scholl, supra, the wife borrowed money and purchased a number of shares of stock in the Puget Sound Brewing Company. An execution was issued upon a judgment against her husband, on a separate liability, and the stock was levied upon and sold under said execution. The wife bid in the property at the sale, she at the same time obtaining the money to pay therefor by borrowing it from the bank and pledging the property purchased as security for its payment. The wife sought to recover upon the ground that the property involved was her separate property, and the court upon the first decision of the case so decided, but upon a rehearing, the former decision was

reversed by the same court, and the property was held to be community property. So that this case in no way sustains the position of the appellees in this case. The case of Freeburger v. Gazzam, supra, follows the opinion of the Supreme Court of Washington in the case of Freeburger et al. v. Samuel Caldwell, 5 Wash. 769. Both cases being decided upon the same day. In the case of Freeburger v. Gazzam, supra, the facts were that Mrs. Gazzam, had funds in the State of Kansas which were conceded to be her separate property. Removing to the State of Washington, she invested her funds in property there and claimed the property as her separate property also. It was sought to subject this property to the payment of the husband's debts in the State of Washington. The wife alleged that the property was her separate property, and the court held that the funds with which the property was purchased, being separate property in the State of Kansas, its status was not changed by the fact that she had crossed the border into another State, and, therefore, the court sustained the contention of the wife that the property purchased with these funds, was her separate property. We can see nothing whatever in these cases inconsistent with the views of this court. Yesler v. Hochstetter, 4 Wash. 349; Hemingway v. Mathews, 10 Texas 207.

The judgment of the court below is reversed, and the cause is remanded to the lower court with directions to set aside the judgment dismissing the complaint, reinstate the cause and proceed in accordance with the views herein expressed.

Mills, C. J., Parker and McMillan, JJ., concur.

Crumpacker J., who tried the case below did not participate in this opinion.