Plaintiff had a writ of execution issue against the defendant under a judgment obtained against him in 1936, and by garnishment process seized the sum of $475 in the hands of the Magnolia Cemetery Association, being the balance due the defendant Lewis by that Association for some excavating and grading work done by the said Lewis. Mrs. Ruth Shipman Lewis, the wife of defendant, filed an intervention and third opposition in the suit and claimed ownership of the funds seized in the hands of the Association. She alleged in her petition of intervention and third opposition that her husband was acting as her agent in doing the work for the said Association; that the equipment used by him in performing said work was her separate property, under her separate administration, and the funds earned by him in performing said work were also her separate property under her separate administration; that the amount due by said Association is her separate property and does not belong to her husband. She prays for judgment recognizing her as the owner of said funds, and ordering the *Page 770 
release of said funds from the seizure under the judgment against her husband.
Service of the petition of intervention and third opposition was accepted by counsel for plaintiff with reservation of all legal rights, and, according to the minutes, the intervention was fixed for trial. Under date of November 9, 1944, the following entry was made on the minutes: "Counsel for both the plaintiff and defendant in intervention announcing ready for trial, matter is taken up on the intervention of Mrs. Ruth Shipman Lewis. Evidence adduced, closed and to be submitted on briefs."
The note of evidence shows that defendant, E.M. Lewis, was first called as a witness in behalf of the intervenor, and after several questions were asked the witness, it appears that counsel for plaintiff made an objection to any testimony sought to be introduced by the "defendants in intervention and third opponents, for the reason they have made no appearance to intervention and third opposition." The objection was overruled, whereupon counsel moved that the intervention be dismissed as retarding the suit, which motion was likewise overruled.
Counsel for plaintiff then proceeded to interrogate the witness Lewis, whereupon counsel for intervenor objected to the introduction of any evidence by intervenor and third opponent for the reason that no appearance had been made by answer or other plea to the intervention. The objection was overruled, the remainder of the evidence heard and the case taken under advisement. Judgment was later rendered in favor of the intervenor decreeing the funds seized to belong to her and not subject to seizure under the writ issued against her husband. From this judgment, plaintiff has appealed.
In the brief filed in this court on behalf of the intervenor, the point is urged that no testimony should have been permitted in behalf of plaintiff, defendant in the intervention, for the reason that it had filed no answer or otherwise put at issue the petition of intervention (or properly speaking, the petition of third opposition).
[1] Article 398 of the Code of Practice provides that where a third party opposes a seizure on the ground that the property seized belongs to the third opponent and not to the judgment debtor, such opposition must be begun by petition and citation against the seizing creditor as in ordinary suits, and such opposition shall be considered as a separate demand, distinct from the suit in which the seizure was made, and, of course, the allegations of such a petition should be put at issue in the same way as any other proceeding required to be by petition and citation. In fact, the joining of issue is the foundation of the suit, and the suit only begins after issue is joined and the parties are in a position to know what evidence is necessary to support their respective claims, Code of Practice, Art. 359.
However, it is now well settled that a case can be put at issue tacitly where the parties are present and represented by their counsel and make no objection to going to trial without an answer or pleading filed by the defendants putting the allegations of the petition at issue. After discussing this question at length in the case of Henderson v. Hollingsworth et al. 158 La. 921, 105 So. 14, 15, the court said:
"For the foregoing reasons our conclusion is that, where an intervenor or a third opponent goes to trial upon her intervention or third opposition, without seeing that it is first put at issue, introduces her evidence under it, and submits the case, she should not be heard thereafter to complain that the judgment rendered should be set aside, because her intervention or third opposition had not been put at issue by default entered or answer filed."
[2, 3] From what has been said above it will be seen that neither plaintiff nor third opponent made any objection to going to trial with no answer or other pleading filed by the defendants in the intervention and third opposition, but on the contrary both announced that they were ready for trial, and the taking of evidence was proceeded with before objection was made to the production of further evidence. The objection should have been made to proceeding with the trial if either party desired that issue be joined by formal pleadings. Moreover, only third opponent is now complaining of the procedure, and she has not shown wherein she has been injured by the irregular procedure (if it was irregular) as she was compelled to prove her allegations and no special defense is relied on by the seizing creditor. The failure of the latter to formally deny the allegations of the petition of third opposition did not relieve third opponent of the duty of proving her claim. *Page 771 
On the merits, third opponent did not testify herself, but produced only the testimony of her husband. The substance of his testimony is that he acted as agent for his wife in performing the work for the Company; that the tractor and grader belonged to his wife, most of this equipment having been bought by her before her marriage to him; that he handled her equipment on this and other jobs as the agent of his wife. He admits that he made the contract with the Association in his own name; that the payment of $125 on the job was made to him, and he never informed the Association at any time that he was acting as agent of his wife, nor could he state just what the arrangements were between him and his wife as to the compensation he was to receive or the terms of his agency.
[4] While it is permissible for a wife who has the administration of her paraphernal property to appoint her husband as her agent for the purpose of that administration, yet in such a situation the agency must be express and open, and the administration must be conducted in the name of the wife and for her account. In other words, the husband must make it clear in all the transactions which he carries on as the agent of his wife that the business is her business and not that of his own. Trezevant v. Holmes et al., 38 La. Ann. 146.
[5] If there is no separation of property between husband and wife and the paraphernal property of the wife is administered by the husband, or by him and the wife indifferently, the fruits of this property, whether natural, civil or the result of labor, fall into the community. Civil Code, Article 2386. And by Act 286 of 1944 (which Act was in effect when the funds in controversy in this suit were earned), in order for the wife to retain for her own use the fruits of her separate property and its separate administration, she must execute and record a notarial act making the necessary declaration to that effect.
In the case of Ouachita Flour Feed Co., Inc v. Boles, La. App., 141 So. 823, 826, the husband did some road work with teams and machinery belonging to his wife and carried on the business in the name of his wife, the husband acting as her agent. A garnishment was issued against the funds due for the road work under a judgment against the husband, and the wife intervened in the suit and claimed the funds. It was shown that the wife was separate in property from her husband, and there was no community existing between the husband and wife. The court held in favor of the wife solely because she was separate in property, stating:
"If Mrs. Boles (the wife) had not been separate in property from her husband, then, under the law, the earnings of her mules and machinery would fall into the community, and would be subject to the payment of plaintiff's judgment, but, since she is separate in her property, she is safe in intrusting the sole management of her property to her insolvent husband."
[6] Whether third opponent's claim be considered with or without reference to the above mentioned Act amending the Codal Article, it is clear that she has failed to prove that the funds seized in this case constituted her separate property.
For the reasons assigned, it is ordered that the judgment appealed from be reversed and set aside, and it is now ordered that the petition of intervention and third opposition of Mrs. Ruth Shipman Lewis be and the same is hereby dismissed at her cost in both courts.