Irene **DENTON**, Appellant,

v.

**FIREMAN'S FUND INSURANCE COMPANY**, Appellee.

No. 8300.

United States Court of Appeals
Tenth Circuit.

March 14, 1966.

Rehearing Denied April 18, 1966.

———◆———

Russell Moore, Albuquerque, N. M. (W. A. Keleher, A. H. McLeod and Russell Moore, Albuquerque, N. M., on the brief), for appellant.

William C. Briggs, Albuquerque, N. M. (Rodey, Dickason, Sloan, Akin & Robb, Albuquerque, N. M., on the brief), for appellee.

Before MURRAH, Chief Judge, SETH, Circuit Judge, and LANGLEY, District Judge.

SETH, Circuit Judge.

The appellant commenced this action by filing a complaint for declaratory judgment against the Fireman's Fund Insurance Company and Edwin T. Denton. The complaint recites that the appellant and Edwin T. Denton had been husband and wife for a long period of time and had accumulated community property consisting of both personalty and real estate. The complaint also recites that the Fireman's Fund Insurance Company had obtained a judgment against Edwin T. Denton, her husband, in action No. 3346 Civil in the United States District Court for the District of New Mexico. The appellant alleges that the Fireman's Fund Insurance Company will levy or attempt to levy execution of said judgment against the community property of herself and her husband. She asserts that the community property is not subject to execution on the judgment rendered against her husband.

The Fireman's Fund Insurance Company filed a motion for summary judgment, and the court entered judgment thereon holding that the Fireman's Fund Insurance Company as the judgment creditor in No. 3346 was entitled to enforce the judgment against the real or personal community property of the appellant and her husband. The plaintiff-appellant thereafter filed this appeal.

Several points are contained in appellant's statement of points, but the basic question is whether or not community property of appellant and her husband can be levied upon to collect the judgment against Edwin T. Denton.

The judgment rendered by the United States District Court for the District of New Mexico in No. 3346 on its docket was appealed to this court and appears as Denton v. Fireman's Fund Indemnity Co., 352 F.2d 95 (10th Cir.). The action was to enforce an indemnity or continuing guaranty agreement. There is an affidavit in the file in this court by the attorney for the Fireman's Fund Insurance Company which describes the judgment to have been in the amount of $444,000.00 with interest from June 3, 1958. The issues here concerned relate only to the community property of Irene Denton and Edwin T. Denton, and do not consider the rights of the parties with respect to property still in joint tenancy.

The statutes in New Mexico relating to community property are not in great detail, and do not purport to contain a complete statutory plan. The statutory provisions other than some general statements thus cover some fundamental matters, but by no means all. The statutory law and the case law constitute a balance between the need for the husband to have freedom in business dealings, and an attempt to provide protection for the wife.

Section 57–4–3 of New Mexico Statutes Annotated 1953 provides that the husband shall have the management and control of the community personal property, and sole power over its disposition. The husband is thus completely free to act in most business transactions. The same section provides, on the other hand, that the joinder of both spouses is required for a conveyance or encumbrance of real property of the community. It is apparent that with the husband freely using the community personal property in business ventures it may be dissipated, and in addition business debts may be created which will affect indirectly the entire property of the community.

The state statutes refer to the debts of the wife in relation to community property. Section 57–4–2 provides that the community property shall not be liable for her debts (see also McDonald v. Senn, 53 N.M. 198, 204 P.2d 990, 10 A.L.R.2d 966), but makes no express provision as to the debts of the husband. The statutory silence on this point is of some significance. Further the statutes provide in Section 57–3–6 that some of the community property is not liable for the husband's debts; this property is the earnings of the wife. Again no mention is made of other community property in relation to the husband's debts. The wife

is protected during the husband's life in that she has a vested interest in the community property, and upon the husband's death the statutes provide, Section 29–1–9, that the widow is entitled to such property, subject to the husband's testamentary power over one-half, but subject to the husband's debts.

The reference to statutory law would not be complete without mention of Chapter 74 of the Laws of the State of New Mexico, 1965, which covers specifically the issue here presented. This provision, enacted during the course of this and related litigation, provides that neither spouse alone can "obligate" the community by entering into an indemnity contract with a surety insurance company. This statute applies only to contracts entered into after its effective date, and does not apply directly to the issue on this appeal. Both parties refer to it either as the statement of existing law or as a new doctrine.

The case law on the broad question as evidenced by the decisions of the New Mexico Supreme Court is for the most part dicta. These expressions show that the court wishes to make it clear in each instance that the decision rendered on a related issue casts no doubt on the proposition that the community property is liable for the debts of the husband. In these cases there has been no occasion to refine the point any further. This appeal must therefore be decided on the basis of the New Mexico Supreme Court's statement of the law as applied to the broader issue.

Thus the state court in Morris v. Waring, 22 N.M. 175, 159 P. 1002, had before it a question as to whether certain property levied on was community or separate property. In reaching a decision the court however held that the husband is the only one of the spouses who can contract a common debt since the creditors of the wife look only to her individual credit. The court also held that the "common estate" is liable for the husband's debts as well as his separate property. Similarly in Strong v. Eakin, 11 N.M. 107, 66 P. 539, a somewhat earlier

case, the New Mexico court had before it the question of the liability of community property for debts incurred by a firm in which the husband was a member. The court by way of dicta again stated that the "common property" was liable for the debts of both the community and of the husband. Similar statements by way of dicta appear in Morris v. Waring, 22 N.M. 175, 159 P. 1002; In re Winston's Will, 40 N.M. 348, 59 P.2d 904, and Greathouse v. Greathouse, 64 N.M. 21, 322 P.2d 1075. In Ginn v. MacAluso, 62 N.M. 375, 310 P.2d 1034, the New Mexico Supreme Court in an action to collect a real estate commission stated: "This is not to say, however, that a judgment against the husband may not be satisfied out of the community of which he is the head * * *." In Carron v. Abounador, 28 N.M. 491, 214 P. 772, the New Mexico Supreme Court found that an automobile was community property and subject to the payment of what the court referred to as the " * * * debts of Ralph Abounador * * *" who was the husband. Thus it appears that the New Mexico court has consistently stated the law to be that the community property is liable for the husband's debts.

The text writers, de Funiak, Principles of Community Property, and Robert Clark, Community Property and the Family in New Mexico, express the same view. The former states that the result follows whether or not the community is benefitted, and Professor Clark makes no such distinction.

The appellant's argument stresses the point that the indemnity or guaranty agreement in the suit where the judgment upon which execution is here threatened was without benefit to the community and was in fact entered into as an accommodation. There would seem to be some question whether the record shows the uncompensated nature of the guaranty; but in view of the fact that the New Mexico courts have made no refinement or variation of the general doctrine to be applied only to guaranty agreements or only to uncompensated guarantors, or to other similar agreements where the bene-

fit to the community does not clearly appear, we can make no such variation. The general statement of New Mexico law must thus be applied to the facts before us. When this is done it follows that the community property is liable for the judgment, and the action of the trial court in granting summary judgment was thus correct.

Affirmed.