*248
 
 Ruffin, Judge.
 

 Several points were made in this case in the Court below. But as it seems to turn chiefly upon the effect of a receipt, given in evidence by the De-fondant, and the opinion of the Court on that point is decisive of the cause, the others will not be noticed.
 

 The Plaintiff claims a share of the price of a slave belonging to him and others, which the Defendant, as their agent, sold. On the trial, the Defendant gave in evidence a receipt from the Plaintiff, dated after the sale and receipt of the price, for
 
 seven
 
 dollars,
 
 in full of all notes and accounts or any claim or
 
 demand,
 
 that ever existed between them up to that date.
 
 The Defendant’s Counsel contended, that the receipt was
 
 conclusive
 
 evidence of the payment of the money, sued for in tiiis action. But the Judge very properly held the contrary. It certainly is not conclusive, in the sense of admitting no proof to the contrary. The Court however proceeded to instruct the jury, that although the paper was evidence of payment, it proved the payment of seven dollars, the sum expressed in it, and that sum
 
 only.
 
 So I am obliged to understand the Judge’s words. They are,
 
 “
 
 the receipt being only for that sum, it is only evidence of payment to that amount.”
 

 I think the receipt
 
 prima facie
 
 evidence, that an account was stated between the parties, and the
 
 balance
 
 of seven dollars then paid. It certainly is not conclusive, that full payment was made. It is not conclushe of any thing,
 
 (Straton
 
 v.
 
 Rastall,
 
 2 T.
 
 R.
 
 366,) not even that the seven dollars were paid. Why this instrument, more than other writings, should be subject to correction by proof
 
 aliunde,
 
 it is too late to inquire. The rule is well established. For instance, the effect of this receipt would be repelled as conclusive proof of the payment of seven dollars, by showing that the payment was in counterfeit bank notes, or in a promissory note which turned out to be bad. In either case the Plaintiff might recur, to his original debt, unless it was expressly agreed that it
 
 *249
 
 should be extinguished by the receipt of the notes. (Har
 
 grave
 
 v.
 
 Dusenberry,
 
 2
 
 Hawks, 326
 
 —McKinsley v.
 
 Pearsall, 3 Johns. Rep. 31
 
 9—Tobey v.
 
 Barber, 5 Johns. Rep.
 
 68.) The receipt is open to proof, that there was a mistake in stating the account, or in striking the balance, a mistake in telling the money, a mistake in the nature or value of the thing paid
 
 ;
 
 and the like. Ail that these cases prove is, that when the errors are made to appear, the receipt shall not still stand as a bar. In one case indeed, this Court has gone the length of saying, that such a mistake in a receipt under band and seal, if the^e was a subsequent express promise to [ray the money, might be corrected
 
 ",
 
 that notwithstanding the receipt, the mistake was a sufficient consideration for the promise.
 
 (Smith
 
 v.
 
 Amis,
 
 3
 
 Hawks
 
 469.) The receipt, however, remains evidence of the facts stated in it, until those facts be clearly disproved, and a mistake shown. I see no reason to limit this operation of it, so as to make it evidence of one of those facts more than of another.™ It is presumptive
 
 prima facie
 
 proof of the whole. There must be particular circumstances to prevent its so being. Why in this case, is it held by the Judge to be evidence of the payment of seven dollars ? Clearly, because the parties say so in it. Do they not likewise say, that it was in full — that seven dollars was all the Defendant then owed the Plaintiff? Shall this declaration go for nothing? If so, why? I admit, that the payment of a less sum is not a satisfaction of a larger then due, even if it be received as such. But it appears to me, that a receipt for a ¡¡articular sum, expressed to be in full, is
 
 in
 
 good sense, evidence that the debt itsclf was no more than the specific sum. If it be proved to be more, then the receipt is evidence, that there bad been ‘prior payments, that the parties have accounted, and that the specific sum is the balance due. This is however all open to proof that they had not accounted, or that they accounted touching particular dealings, which did not in-
 
 *250
 
 elude the matter now in dispute. It is impossible to enumerate all possible cases, wherein the force of the receipt might bo impaired or destroyed. They do not however affect this case, which depends upon the effect of the receipt unexplained.
 
 Fer
 
 se it proves that the Defendant owed the .Plaintiff nothing. In
 
 Henderson
 
 v. Moore,
 
 (5 Cranch
 
 11,) it was held, that the parol acknowledgment of the Plaintiff, that a small sum paid him was in full of a larger sum due on the bond sued on, was evidence, on the plea of payment, that the whole was paid; and that on it the Jury might and
 
 ought
 
 to presume full payment, unless sue!) presumption should be repelled by other evidence. Fora, part of tiic m&ney might have been paid before; and the acknowledgment is good evidence to show, not that more than a particular sum was
 
 then
 
 paid, but that the whole was satisfied by payments
 
 then
 
 and
 
 before
 
 made. And this lias been carried so far, as to make the payment of one debt evidence of the payment of another, and under certain circumstances conclusive evidence. Chief Baron
 
 Gilbert
 
 says, if one give a receipt for the
 
 last
 
 rent, the former is presumed to be paid; especially, if the receipt be in full of all demands, then it is plain there were no debts standing out. If this be under hand and seal, the presumption is so strong that the law admits no proof to the contrary. No doubt this last is, becauso it is constructively a release.
 
 (Gilb. Law of Ev.
 
 42.) Cases are found, in which the receipt in full, as by the Judge below', has been allowed only as proof of the specific payment, and not of a general discharge. But they turn on peculiar grounds, and particular circumstances. There is an instance in
 
 Middleditch
 
 v.
 
 Sharlund,
 
 (5
 
 Ves.
 
 87.) But plainly the Master of the Rolls refused to consider it an absolute bar, by reason of the situation of the parties, their relation to each other, and the suspicious circumstances apparent on the answer. It was a bill filed by a devisee against a steward, who relied on a receipt in full from the testa-
 
 *251
 
 írix. The bill charged the weakness of the testatrix5 that the receipt was obtained by imposition upon her, and without any accounts kept, stated or settled. The Defendant denied the fraud, it is true. . But he could not deny her imbecility, nor that there was no account stated, and he exhibited no account with his answer.— This was of itself a fraud
 
 ",
 
 and the cause was decided on that ground. He was bound to keep an account, and with such a principal, to show that it was fairly settled. Therefore a general account was there ordered, in which the receipt was to he evidence of the particular sum mentioned in itj and nothing could be juster. But there is no such case before os
 
 ",
 
 and therefore the general rule must prevail.
 

 Per Curiam. — Let the judgment below be reversed, and a new trial awarded.