[No. 993.    February 26, 1903.]

## C. T. BROWN, Receiver, etc., Appellee, v. HENRY LOCKHART et al., Appellants.

### SYLLABUS.

1. Alleged errors which are not jurisdictional, will not be considered by this court on appeal, unless exceptions to them are saved.

2. Findings of the trial court as to facts in issue, will not be set aside, where there is evidence to sustain them, unless they are manifestly against the evidence.

3. Where property which is claimed to be separate property is not preserved in specie or in kind, but has undergone mutations and changes, in order to sustain its separate character, it is necessary that it can be clearly traced and identified.

4. The law creates a presumption that property acquired during coverture is community property, and is subject to the payment of community debts, and this presumption casts the burden of proof upon the claimant of a separate estate. It is also a presumption of law that any debt contracted during coverture is a community debt.

Appeal from the district court of Bernalillo county, before J. W. CRUMPACKER, Associate Justice. Affirmed.

H. B. HAMILTON and H. B. FERGUSSON for appellants.

WILLIAM B. CHILDERS and JAMES G. FITCH for appellees.

The law will not presume fraud. Fraud is never presumed, but must be proved by the party alleging the same.

Clark v. White, 12 Peters 196; Farrar v. Churchill, 135 U. S. 609.

Although the relation of husband and wife existed and does exist between Henry Lockhart and Ellen L. Lockhart, and although Henry Lockhart's name was

put on the original stake by mistake, as the evidence clearly shows, which name was erased and the name of Ellen L. Lockhart substituted, yet these facts are not sufficient to warrant the court in presuming that this property was fraudulently located in the name of Ellen L. Lockhart.

New York Mutual Life Insurance Company v. Armstrong, 117 U. S. 591; Smith v. Seward, 930 Reporter 583; Continental Insurance Co. v. Penn. Insurance Co., 51 Fed. 884; Lincoln v. Claflin, 7 Wallace 138; Butler v. Watkins, 13 Wallace 456.

Fraud must be established by the preponderance of evidence.

Wray v. Missouri, 17 Wallace 532; Scott v. Home Insurance Company, 1 Dillon —.

The finding of fraud is not warranted if the evidence raises only a mere suspicion of fraud.

Babbit v. Dayton, 14 Fed. 19; Canard v. Nichol, 4 Pet. 295; Clark v. White, 12 Pet. 196.

There must be a discovery of mineral upon the claim; otherwise, there can be no valid location.

Erhardt v. Boaro, 113 U. S. 527; Oriley v. Campbell, 116 U. S. 418; United States v. Iron & Silver Mining Co., 128 U. S. 673.

There must be a posting of the notice according to the statute of New Mexico, sec. 2286, Compiled Laws 1897.

Gregory v. Preshbker, 73 Cal. 109; Book v. Justice Mining Co., 58 Fed. 106.

A failure to record the notice within the time provided by the statute is fatal and will give the claimant no right or title. Until the claim is filed for record the names upon the notice may be changed.

Lockhart v. Wills, 9 N. M. 134.

The statutes require in positive terms the recording of the notice, and no title can vest or be perfected in the locator until such notice is recorded.

Kendall v. San Juan Silver Mining Company, 144 U. S. —, 12 Sup. Ct. Rep. 780-781; Flaherty et al. v. Gwinn et al., 12 Mor. Min. Rep. 605; Erhardt v. Boaro, 113 U. S. 533.

The separate property of the spouses may be distinguished from the community property by the following tests. First. The property both real and personal acquired by either spouse prior to the marriage. Second. The property both real and personal acquired by either during coverture by gift, devise or descent. Third. All property both real and personal acquired by either during coverture with separate funds.

Mont v. Smith, 16 Cal. 533; Cleburne v. Tanner, 18 Tex. 69; Ramsdell v. Fuller, 28 Cal. 37.

Also the property acquired in exchange for separate property.

Shumway v. Leaky, 67 Cal. 458; Parker v. Chance, 11 Tex. 6.

Also the property acquired by payment of a debt due or owing before marriage. Also in mutations of separate property, so long as the separate character can be clearly shown.

Rose v. Houston, 11 Tex. 324; Ballenger on Community Property, secs. 53, 64 and 145.

The court has clearly laid down the rule in several late cases, that the findings of a court which tries a case without a jury, and without delegating its powers to a master or referee, should have the same weight as the special findings of a jury.

Badaracco v. Badaracco, 65 Pac. 152 (N. M.); DeCordova v. Korte, 7 N. M. 682; Pueblo of Nambe v. Romero, 61 Pac. 122 (N. M.); Givens v. Veeder, 50 Pac. 316; Wells Fargo Ex. Co. v. Walker, 54 Pac. 877; Medler v. Opera House Co., 6 N. M. 331.

Mines are community property.

Jacobson v. Bunker Hill, etc., 2 Idaho 863, 28 Pac. 396.

Mining property is not acquired by gift or descent. It is acquired by onerous, not lucrative title.

6 Am. and Eng. Enc. Law (2 Ed.), 317.

Land acquired under the homestead laws is community property.

Kromer v. Friday, 10 Wash. 621, 39 Pac. 229; Philbrick v. Andrews, 8 Wash. 7, 35 Pac. 358; Bolton v. La Comas Water Power Co., 10 Wash. 246, 38 Pac. 1043; see also, Edwards v. James, 7 Tex. 372; Parker v. Chance, 11 Tex. 513; Wilkinson v. Wilkinson, 20 Tex. 237; Ballenger on Community Property, secs. 25-31; Strong v. Eakin, 66 Pac. 539.

The presumption that property purchased during marriage is community property is cogent and can only be repelled by clear and conclusive proof.

Ballenger on Community Prop., sec. 66.

When the opposite is required to be proved, the law throws the burden of identifying the property alleged to be separate, on the party claiming such separate estate.

Ballenger, secs. 164-167; Ramsdell v. Fuller, 28 Cal. 43; Meyer v. Kreizer, 12 Cal. 254; Platt on Property Rights of Married Women, secs, 6, 7, 8, and 38; Schmets v. Gary, 49 Tex. 49.

Where the property has not been preserved in specia or in kind, but has undergone mutations and changes, it is indispensible to maintain its separate character, that it be clearly and indisputably traced and identified.

Love v. Robertson, 7 Tex. 6; Rose v. Houston, 11 Tex. 320; Chapman v. Allen, 15 Tex. 278; Philipowski v. Spencer, 63 Tex. 604; Epperson v. Jones, 65 Tex. 427; Smith v. Bailey, 66 Tex. 553, 1 S. W. 627.

The earnings of the wife, in business or by her labor, are community property, just as much so as those of the husband,

> Washburn v. Wasburn, 9 Cal. 475; Abbott v. Wetherly, 6 Wash. 507, 33 Pac. 1060, 36 Am. St. 176; Yoke v. Pugh, 13 Wash. 78, 42 Pac. 528.

When money belonging to the wife has been so commingled with the funds of her husband, engaged in numerous business transactions and speculations so that it is impossible to say that any part passed into a particular tract of land purchased by the husband, such land is community property,

> Dimmick v. Dimmick, 95 Cal. 323; Smith v. Bailey, 66 Tex. 554; Love v. Robertson, supra.; Rose v. Houston, supra.; Houston v. Curl 8 Tex. 239, 58 Am. Dec. 110; Champion v. Allen, 15 Tex. 278; Knowlton v. Misk, 8 Sawyer 625.

## STATEMENT OF FACTS.

This is a suit in equity brought in the month of March, 1896, in the district court of Bernalillo county, by Cony T. Brown, receiver of the Socorro County Bank, against Henry Lockhart, Ellen L. Lockhart, his wife, and the Crown Point Mining Company, a corporation duly organized under the laws of the Territory of New Mexico.

Brown, as receiver, recovered two judgments in the district court of Socorro county, against the defendant Henry Lockhart, which judgments aggregated upwards of $3,400. Executions issued against the defendant, Henry Lockhart, which were returned *nulla bona.*

This suit was brought by Brown, receiver, as a judgment creditor, in order to reach certain property standing in the name of the defendant Ellen L. Lockhart, and to subject it to the payment of the two judgments above

mentioned upon the ground that the defendant, Henry Lockhart, had a beneficial interest therein.

The bill alleges that in 1893, one Pilkey, acting under and pursuant to a written contract, located two certain mining claims in the Cochiti mining district, in Bernalillo county, one called the "Ellen L," and the other the "Mammoth." That said claims were located in the names of Henry Lockhart and other parties to the agreement, and that their names were signed to the original location notices posted on said claims. That thereafter, but before the notices were recorded, the said Henry Lockhart erased his own name therefrom and substituted that of his wife, Ellen L. Lockhart, and that as changed the notices were recorded.

The bill also alleges that pursuant to an agreement, similar to the one above mentioned, but not in writing made between Henry Lockhart, J. D. May, B. F. Bruce and Charles Johnson, that three other certain mining claims were also located in the Cochiti mining district, called "The Bull of the Woods," the "Giant" and the "Crown Point," the name of Henry Lockhart being signed as one of the locators on the notices posted on said claims, but that he afterwards erased his name therefrom, and substituted that of his wife, Ellen L. Lockhart, and that as thus changed the notices were recorded. That afterwards the three claims last mentioned were conveyed to the Crown Point Mining Company, a corporation organized under the laws of the Territory of New Mexico, and that stock was issued to Ellen L. Lockhart, in payment for her alleged interest in said claims.

This suit is therefore to reach the stock of this company issued to Ellen L. Lockhart, and the one-third interest which she claims to own in the "Ellen L." and "Mammoth" claims.

The answer admits that Henry Lockhart entered into the written contract, but alleges that he was only acting for his principal, his wife; denies that the "Ellen L." and "Mammoth" claims were located in pursuance of

the contract; denies that the name of Henry Lockhart was signed to the original location notices, or that he substituted his wife's name for his own, but insists that the location notices were recorded as first posted on the claims. The answer further denies that the "Crown Point," "Bull of the Woods," or "Giant," were located in pursuance to a contract made between Henry Lockhart, May, Bruce and Johnson; denies that Henry Lockhart's name was signed to the original location notices and that he erased the same and substituted his wife's name in its place before they were recorded, and denies that the said Henry Lockhart ever owned or held any interest in said mining claims or any of them. The answer also denies that any property standing in the name of Ellen L. Lockhart was purchased with the funds of Henry Lockhart or with the joint earnings of himself and wife, and that the same constitutes acquest property.

The cause was referred and the evidence taken was reported to the court, who made findings of fact, to some of which findings defendants excepted, and the court entered a decree, based on the findings of fact, from which decree, defendants appealed to this court.

OPINION OF THE COURT.

MILLS, C. J.—There are seventeen findings of fact in this case, and the record shows that the defendants excepted specifically to seven, viz.:—the fifth, sixth, eleventh, twelfth, thirteenth, sixteenth and seventeenth, While the assignment of errors set out in the brief, shows that the defendant in addition to the findings set out above seeks to base errors on findings numbered four, seven, eight, nine and ten. This court has repeatedly held that we will not consider errors, except those which are jurisdictional, unless exceptions to them are saved. Newcomb v. White, 5 N. M. 435; Laird v. Upton, 8 N. M. 409. Consequently in deciding this case, we will not consider the errors which are alleged to findings numbered four, seven, eight, nine and ten.

Brown v. Lockhart.

Finding number five is in substance, that after the original location notices of the "Ellen L." and "Mammoth" claims were posted, the name of Henry Lockhart was erased therefrom and the name of Ellen L. Lockhart was substituted therefor, and that said substitution was made for the purpose of preventing the judgment creditors of the said Henry Lockhart from reaching his interests in said mining claims under said execution.

An examination of the transcript will show, not only that the court had ample evidence on which to base the finding that these claims were originally located with the name of Henry Lockhart on the location notices, and that said Lockhart afterwards substituted the name of his wife for his own, but it seems to us that a preponderance of the evidence so shows. Whether or not Henry Lockhart made the substitution with the view of preventing his judgment creditors from levying on his interest in said mining claims, is not of necessity proved by direct evidence, but had to be gathered from the consideration of all of the evidence adduced at the hearing. The proofs show that from the first, when Lockhart went into business in Erie, Pennsylvania, down to the time that this suit was tried, he had always been struggling with debts incurred in the various business enterprises in which he was engaged. From a consideration of the entire evidence we are of the opinion that the trial court was perfectly justified in making this finding and therefore under the law announced by this court in the case of Badaracco v. Badaracco, 10 N. M. 761, to sustain which rule many cases decided by this court are therein cited, this finding of the court will be sustained.

Finding Number six, which is in substance, that J. D. May located the other three mines in the Cochiti district to-wit: "The Giant," "Bull if the Woods," and "Crown Point," and that on such mining claims, there was written on the posted location notices, the name of

"Henry Lockhart" along with the names of the other parties who had interests in said claims; that the claims were so located under a contract and agreement between Ben Johnson, acting for Charles Johnson, Henry Lockhart and J. D. May, and that the said Henry Lockhart had an undivided one-fourth interest in said claims, is we think amply sustained by the evidence, as the witnesses May and Ben Johnson swear to it. Accordingly therefore, this finding of the court is sustained.

In making finding number eleven, we think that the court committed no error, as there is ample evidence to sustain it.

Findings numbers twelve and thirteen, are in substance that the interests of both Henry Lockhart and his wife Ellen L., in the several mines in question and also in the stock of the Crown Point Mining Company are community property, acquired by them, subsequent to their marriage and subsequent to their removal to New Mexico; and that the two judgments in favor of Cony T. Brown, receiver, are community debts, and that no part of the interest of Ellen L. Lockhart in said mining claims or in the stock of the Crown Point Mining Company, is her separate property, nor the avails of any property possessed by her prior to her marriage to Henry Lockhart, or prior to her coming to New Mexico; and finding No. 17, is in substance, that if Henry Lockhart ever became indebted to his wife, on account of her separate estate, such separate estate became confused, intermixed and commingled with the community property, so that such separate property lost its identity. The evidence shows that the Lockharts were married in the State of Pennsylvania in the year 1874 and that they came to New Mexico in 1883. Previous to coming to this Territory, Henry Lockhart, had been engaged in numerous business enterprises in Pennsylvania—selling books, confectionery and cigars, running several drugstores, conducting a saloon, a hotel, etc., and his wife had also run a hotel there. In New Mexico, outside of

mining ventures, they have run hotels at Socorro and Albuquerque, and Lockhart has also been an insurance agent and a justice of the peace. Mrs. Lockhart claims to have brought with her when she came to NewMexico, the sum of $14,000 which she inherited from her father. But what she did with this money nowhere appears. She testified that she did not put it into the bank, as she was suspicious of private banks. It still may be safely hoarded away, for all that appears to the contrary in the record. Certainly the evidence shows that the interests in the mines and mining stock was community property, as it was acquired by the joint labor of Henry and his wife in this Territory after their marriage.

If any of her alleged $14,000 went into these mining enterprises, we fail to trace it, and if it did, it became so commingled and intermixed with their community property that it cannot be distinguished. Ballinger says, in note to sec. 167: "Where the property has not been preserved in specie or in kind, but has undergone mutations and changes, it is indispensible to maintain its separate charcter, that it be clearly and indisputably traced and identified."

There is no error in these three findings made by the trial court.

In finding number sixteen, the court holds that the evidence fails to show that *any part* of the separate property or money of Ellen L. Lockhart, or the proceeds thereof, for which it is claimed Henry Lockhart was indebted to his wife, was ever invested in said mining claims or the stock of the Crown Point Mining Company.

Our rulings upon the other exceptions, practically cover this one. The court having held that the money which went into the mining claims and the stock of the Crown Point Mining Company, was acquest property, could make no other finding than this one. It may not have been necessary to make it, but there is no error in it. If the money invested in the mining claims, as held by the court, was community property, certainly it could

not have been the separate property of Ellen L. Lockhart.

This case is practically settled by the decision rendered by us in the case of Strong v. Eakin, 66 Pac. 539.

The law creates a presumption that property acquired during coverture is community property and is subject to the payment of the community debts, and this presumption casts the burden of proof upon the claimant of a separate estate, and it is also a presumption of law that every debt contracted during coverture is a community debt.

There being no error in the decree complained of, the same is therefore affirmed; and it is so ordered.

McFie, Baker and Parker, JJ., concur.