198 P.2d 444

**LOVERIDGE v. LOVERIDGE.**

**No. 5108.**

Supreme Court of New Mexico.

Sept. 16, 1948.

LaFollette & Shaffer and William B. Darden, all of Albuquerque, for appellant.

Iden & Johnson and James T. Paulantis, all of Albuquerque, for appellee.

SADLER, Justice.

The plaintiff (appellee) sued defendant for a divorce, dissolution of the community and division of property. She was awarded a divorce upon the ground of incompatibility and certain real property was set over to each as his or her separate property. Without attempting to say with any definiteness or certainty whatsoever just what property set over to each as his or her separate property represented a division of the community, or an alimony award or, save in one particular, was purchased with trust funds of the wife, the court sought to fortify its awards by decreeing that the awards made the wife should be considered

as made to her on four separate theories, to-wit:

"First: Of her separate property;

"Second: The enforcement of a constructive trust;

"Third: As her share in the community property, and

"Fourth: In lieu of alimony."

The defendant appealed and has assigned several claims of error, all relating to the division of the property. No effort is made to question here the trial court's action in granting plaintiff a divorce. The errors assigned are argued under six points and will be disposed of in the order argued so far as found necessary to a decision.

Under point 1, counsel advances the novel idea that where husband and wife have become permanently separated, a statutory cause of action for dissolution of the community thus arising, the community is frozen and placed in a state of suspense; that all property subsequently acquired by either spouse becomes the separate property of him or her so acquiring it, to be so adjudged whenever dissolution of the community subsequently occurs, by suit or otherwise. It is pointed out that the law does not favor litigation. Hence, that a party to the marital union should not be penalized for failing to lead his mate, or hers, into court to air domestic strife or incite public gaze. It is said the due pro-

cess clause of the constitution of the United States is violated by drawing into the community property acquired by either spouse following permanent separation. If the community property system, deriving from the civil law of Spain and Mexico, dictates otherwise, it runs counter to the due process clause of the federal constitution and must give way to it. So runs the argument.

As a doctrine of morality, something perhaps can be said in support of the position taken in argument by counsel. We are not prepared to express an opinion on it when so viewed. As a legal proposition, however, it falls flat for want of support either in our decisions or in applicable statutory provisions. Where the legislature intended to alter the legal consequence attaching to property of either spouse acquired after marriage otherwise than by gift, devise or descent, it so provided. 1941 Comp. § 65-307, giving the wife as separate property her personal earnings accumulated while living apart from the husband following a separation. We find no such provision in the statutes in favor of the husband. Achievement of the result approved by counsel must await legislative action. We cannot supply it here. No violation of due process is involved.

It is next urged that the trial court erred in holding the husband (defendant) liable as a constructive trustee of a sum approx-

imating $650, realized by him in liquidating the equity of the wife in residence property in El Paso, Texas. It was separate property of hers which was being foreclosed against under a mortgage theretofore executed. The fund when realized was to be used, as found by the trial court, in the purchase of certain residence lots, among others, described in Exhibit "B" of the plaintiff which was introduced in evidence. Instead, it was used to support the community, under the court's findings. Accordingly, the ten (10) lots mentioned in Exhibit "B" were awarded to plaintiff as her separate property.

While challenging sufficiency of the evidence to support these findings, defendant's counsel fails to comply with Supreme Court Rule 15, Sec. 6, 1941 Comp. § 19-201, by stating in his brief the substance of all evidence bearing upon the issue, with proper reference to the transcript. Under the conditions mentioned, ordinarily, we will not entertain such a claim of error. The burden of counsel's argument in this connection seems to be that defendant's state of health and financial condition at the time, being such as they were, as the wife, the plaintiff was legally obligated to contribute to his support. Hence, any use by him of funds so realized from her El Paso property in supporting the family, a community obligation, could not be charged to him as a constructive trustee.

If otherwise disposed to waive non-compliance with the Supreme Court rule mentioned, we shall here make no attempt to review the evidence for testing its substantiality, since this and all other characterizations of property, either as separate or community, or as alimony awards, are rendered so doubtful, uncertain and equivocal by the trial court's decree, as hereinafter pointed out, that all must be denied recognition.

The most serious claim of error assigned arises on the court's failure to declare the basis of the various property awards made. The error was saved below and is argued under Point V, reading:

"It is a flagrant abuse of judicial discretion, for a Trial Court to award any property to a party-litigant, without first attempting to justify the exact amount or to give a clear reason for the award, as to say, 'If what is given, cannot be construed as in lieu of alimony, it will be considered as for a constructive trust or as a share of community property,' for, if the Trial Court, with his discretion and proximity to the evidence, cannot allocate each division of the award to its just and proper place, the Trial Court has clearly established its gross abuse of justice and judicial discretion."

The paragraph of the decree carrying into effect this wavering opinion on the

basis for awards made has been quoted already. The finding upon which it is based, emphasizing even more fully the state of indecision on the subject under which the court labored, reads as follows:

"Any award herein made to the wife in an attempt to untangle this muddled situation may be considered as an award:

"1st: Of her separate property.

"2nd: The enforcement of a constructive trust, which the Court finds exists as a matter of law.

"3rd: As her share of the community property.

"4th: An award of property in lieu of alimony."

We cannot but view sympathetically the difficulties confronting the trial court in its efforts to identify given pieces of property as separate estate or community in character. This is not an unusual situation where dissolution of the community and a division of the property of the spouses are to take place. Katson v. Katson, 43 N.M. 214, 89 P.2d 524; Laughlin v. Laughlin, 49 N.M. 20, 155 P.2d 1010; McElyea v. McElyea, 49 N.M. 322, 163 P.2d 635.

It is, of course, often difficult, sometimes even impossible, to determine from the evidence whether a given piece of property in separate estate or community in character. If acquired subsequent to marriage it is naturally presumed to be the latter. Barnett v. Wedgewood, 28 N.M. 312, 211 P. 601; Carron v. Abounador, 28 N.M. 491, 214 P. 772. Hence, in the case at bar, entertaining ultimate doubt, the trial court may resolve the doubt by holding the property to be community in character, if acquired after marriage. Nor can the trial court's right, subject to review, to set over real estate to the wife in lieu of alimony, be questioned. 1941 Comp. § 25-706. Likewise, it is not only the trial court's right, but its duty as well, to award to the wife as her separate estate, any real estate purchased by the husband in his name, with funds of hers wrongfully diverted by him.

But whether the award be made on the one theory or another, the court must be prepared to say from the evidence, or lack of it, which theory it acts upon, to the end that either party may be enabled to review before this court the propriety of the awards made. Merely to declare an award is made, in the alternative, on any one of four separate theories renders a complaining party either helpless in the premises, or unduly burdened by the necessity of challenging successfully all four theories.

This claim of error must be sustained. The judgment will be reversed and the cause remanded to the district court with a

direction to the trial court to set aside its judgment, award a new trial and proceed further conformably to the views herein expressed. The defendant (appellant) will recover his costs on this appeal.

It is so ordered.

BRICE, C. J., and LUJAN, McGHEE, and COMPTON, JJ., concur.