328 P.2d 82

**Melcor LUNA, Plaintiff-Appellee,**

v.

**Jacinto FLORES and Jacinto R. Flores, Defendants-Appellants.**

No. 6353.

Supreme Court of New Mexico.

July 14, 1958.

Rehearing Denied July 30, 1958.

Threet & Ussery, Albuquerque, for appellants.

Chavez & Cowper, Belen, for appellee.

SHILLINGLAW, Justice.

This is an appeal of an action brought by the plaintiff-vendor Melcor Luna, appellee here, against the defendant-purchasers Jacinto Flores and his son Jacinto R. Flores, appellants here, and the Century Life Insurance Company. The litigation, tried in the District Court of Torrance County before the Hon. Garnett R. Burks without a jury, arose from a real estate transaction wherein the vendor agreed to sell his ranch to the purchasers.

Following extended preliminary oral negotiations in the fall of 1955, the contract was reduced to writing on February 23, 1956, the consideration being expressed as $28,000 and, in order to facilitate a loan of part of this amount to the purchasers by the Century Life Insurance Company, the vendor executed a warranty deed along with an assignment of certain grazing rights on adjacent state lands, which deed was given to the insurance company acting as escrow agent. Admittedly a loan of $14,000 was procured by the purchasers, $7,069.86 going to satisfy a prior existing mortgage on the tract, and $6,796.17, the remainder after deduction of some expenses, going to the vendor in the form of two checks in the amounts of $2,000 and $4,796.17. A controversy exists over the balance of the purchase price, namely $14,000. It will be noted that the initial payment was $14,000, leaving a balance of $14,000, and this similarity of amounts led to the misunderstanding which followed.

The vendor contends the balance of $14,000 was never paid, while the purchasers claim that they paid the same in cash and they offer the vendor's receipt to prove payment. The vendor replies that he gave the receipt thinking it to be an acknowledgement for the $14,000 in checks and credits admittedly received.

We pause here to give an account of the unusual banking facility used by the purchasers and a friend of theirs, wherein was cached away the $14,000 they contend was given to the vendor as the balance of the purchase price, which the vendor denies was ever paid to him. This facility consisted of an abandoned dry well, some 40' deep, located about ½-mile from the purchasers' home near Corona, New Mexico. The two purchasers and their friend all testified to their joint use of the facility over a period of time, and they likewise testified with regard to the descent for the purpose of the withdrawal of the $14,000 which, incidentally, badly depleted the account.

The above facts form the background upon which is based the vendor's first claim for relief asking a judgment for the $14,000 unpaid balance of the purchase price and foreclosure of a vendor's lien in the amount of that judgment. Admitting that a total of $14,000 was paid to him or for his benefit, the vendor claimed the purchasers had not paid the balance of $14,000 on the contract and prayed judgment in

that sum, asking the judgment be declared a paramount vendor's lien on the premises, that the lien be foreclosed and the premises sold, with a judgment upon any deficiency. The vendor also alleged that the purchasers fraudulently procured a receipt from him which purported to show a payment of $14,000 in cash, and that the insurance company negligently surrendered the deeds on the basis of this receipt.

The purchasers answered claiming full payment of the purchase price. They alleged a payment in cash of the $14,000 balance on April 16, 1956, as evidenced by the vendor's receipt dated April 18, 1956, and denied fraudulent procurement of the cash receipt. The purchasers also pleaded two counterclaims upon which judgment was rendered for them, but those issues will be disregarded here inasmuch as there was no cross appeal on them.

The Century Life Insurance Company also answered but the action was dismissed as to them before trial.

On this first claim for relief, the lower court made findings which we briefly summarize here. The court found that the vendor was at all times ready, willing, and able to perform upon payment of the balance of the purchase price; that the vendor signed a receipt for $14,000 in cash which, since he did not speak, read or write the English language sufficiently to understand the wording, he signed in the

belief that it was a receipt for $14,000 in checks and credits; that the purchasers understood the English language intelligently and were familiar with modern business practice and procedure; and that the purchasers have never paid the $14,000 balance due the vendor under the terms of the contract. Upon these findings, judgment was entered for the vendor in the sum of $14,000.

On appeal, the purchasers attack the judgment on this first claim for relief on the basis that the trial court erred in failing to make a finding of fact on a material issue in the case—fraud in the procurement of the receipt—and on the basis that 'the judgment is not supported by substantial evidence.

In support of their position that the trial court erred in failing to find on the issue of fraud, purchasers cite the case of Laumbach v. Laumbach, 58 N.M. 248, 270 P.2d 385. Purchasers also cite Smith ·v. South, 59 N.M. 312, 283 P.2d 1073, and State Nat. Bank of El Paso, Tex. v. Cantrell, 46 N.M. 268, 127 P.2d 246, 249, where this court said:

"It is not proper for·the trial court to refuse a proposed·specific finding of an ultimate fact within the issues supported by substantial evidence, believed by the Court and *necessary to determine the issues in the case*." (Emphasis ours.)

We think it well to note that in the Cantrell case, supra, the defendant requested no specific findings of fact or conclusions of law and the court made none of its own except a general finding of the issues in favor of the defendant.

In Smith v. South, supra, this court remanded the cause because the trial court failed to make specific findings and conclusions on a material issue. Likewise in the Laumbach case this court, applying Rule 52(b) (2), Rules of Civil Procedure, held that the trial court's failure to make a finding on a material issue when requested to do so was error.

In the instant case, the allegation of fact in the complaint with regard to fraud in the procurement of the receipt for $14,000 in cash was a part of the vendor's claim for relief against the Century Life Insurance Company and was regarded by the trial court as surplusage following the dismissal of the complaint as to the company. Even though the allegation of fraud be not considered surplusage but merely as an alternative theory upon which the claim for relief was based, it could not form the basis for a mandatory finding by the court within the meaning of the language of Rule 52 (b) (2), Rules of Civil Procedure:

"The findings of fact shall consist only of such ultimate facts as are necessary to determine the issues in the

case, as distinguished from evidentiary facts supporting them. * * *"

In this situation, where the complaint and evidence all supported the court's findings, the court was under no obligation to make a finding foreign to the case as developed. We note that a finding, even if made as requested by the purchasers, would not influence the conclusion as reached by the trial court.

■ The complaint states facts entitling the vendor to relief for breach of an express contract, and the trial court expressly concluded that the

"defendants are justly indebted to the plaintiff in the sum of Fourteen Thousand ($14,000) Dollars, on account of the purchase price for the real estate."

In view of the findings by the trial court on an express contract, we hold that the question of fraud was not a material issue necessary for the determination of the case and that it was not error for the court to refuse such finding.

Purchasers' second point of attack on the first claim for relief—that the judgment is not supported by substantial evidence—is primarily directed toward evidence tending to show fraud in the procurement of the receipt. Holding as we did that fraud is not a material issue, it is not necessary for us to consider much of this argument.

The execution of the contract for the sale of the ranch was unquestioned.

■ There was conflicting evidence as to the understanding of the vendor when he signed the receipt for "$14,000 in cash" but the trial court gave credence to the testimony of the vendor and that of a witness present at the signing. The receipt itself made only a prima facie case of payment and the presumption raised by the receipt was rebutted by the oral testimony of the vendor, who stated that he had never received the $14,000 balance of the contract price, the court making a finding in his favor on this issue. 20 Am.Jur. 971, § 1109, see also, Solomon v. Ables, 58 N.M. 633, 274 P.2d 150. Where a case is tried by the court without a jury, the court is the sole judge of credibility of witnesses and weight to be given their testimony. Waters v. Blocksom, 57 N.M. 368, 258 P.2d 1135; Keil v. Wilson, 47 N.M. 43, 133 P.2d 705, 148 A.L.R. 397.

■■ It has long been the rule that in determining whether evidence is sufficient to sustain the trial court's findings of fact, this court on appeal will consider only that evidence and inferences to be drawn therefrom which support the findings, and we will not consider any evidence unfavorable to the findings. The findings of the trial court will not be disturbed when they are supported by any substantial evidence and

this court will not weigh the evidence where conflicts exist. Gauvey v. Hawkins, 61 N. M. 131, 296 P.2d 302; Padilla v. Northcutt, 57 N.M. 521, 260 P.2d 709; Valdez v. Salazar, 45 N.M. 1, 107 P.2d 862.

We are unable to conclude that the trial court did not have substantial support from the evidence before it and, consequently, we must reject the purchasers' second point of attack on the judgment entered in this first claim for relief.

We mentioned that, after paying off a prior existing mortgage and some costs, the vendor received from the proceeds of the $14,000 loan made to the purchasers by the insurance company two checks, one for $4,796.17 and one for $2,000. This $2,000 check was endorsed by the vendor to the purchaser Jacinto Flores. Why was this done?

The purchasers contend that it was agreed in the preliminary oral negotiations that the $28,000 consideration was to include not only the real estate but also all of the livestock that the vendor had on the ranch. They claim the vendor was buying back the livestock for $2,000, the check being endorsed back in payment. No mention of the livestock was made in the written contract.

The vendor contends, however, that he only made a loan of the $2,000 to the purchaser Jacinto Flores. And the vendor's second claim for relief is for recovery of this $2,000 loan. The trial court found for the vendor on this issue and entered judgment against both purchasers.

Purchasers challenge the judgment in this second claim for relief on two grounds —that it is not supported by substantial evidence and that the judgment is in error as entered against Jacinto R. Flores, son of Jacinto Flores.

With regard to the first ground of challenge, suffice it to say that the record contains testimony which, if believed, would support the judgment. The trial court is the sole judge of credibility of witnesses and weight to be given their testimony, Waters v. Blocksom, supra, and we must affirm the judgment entered on the second claim for relief against purchaser Jacinto Flores.

Purchasers' second ground of challenge is with respect to the judgment running against purchaser Jacinto R. Flores. No relief was prayed against him in the complaint, nor do the court's findings or conclusions support the inclusion of purchaser Jacinto R. Flores as a judgment debtor in this second claim for relief. It must be concluded that the inclusion of his name here was inadvertent or through typographical error and it is so admitted by the vendor.

The judgment of the lower court is affirmed except insofar as it includes the name of purchaser Jacinto R. Flores in the

second claim for relief, and the cause is remanded for entry of a new judgment running against Jacinto Flores alone in said second claim.

The vendor-appellee shall recover his costs.

It is so ordered.

LUJAN, C. J., and SADLER, McGHEE and COMPTON, JJ., concur.