330 P.2d 553

Emery N. GALLOWAY; Doss H. Galloway; Evelyn Bogle, nee Galloway; and Vonette Miller, nee Galloway; Heirs at Law of Fannie White, deceased, and Glen G. Hilford, attorney for Plaintiff Fannie White, deceased, Substituted Plaintiffs-Appellees,

v.

Bryon WHITE, Defendant-Appellant.

No. 6359.

Supreme Court of New Mexico.

Oct. 10, 1958.

Nils T. Kjellstrom, Truth or Consequences, for appellant.

Glen G. Hilford, Truth or Consequences, for appellees.

SHILLINGLAW, Justice.

This action involves a determination of the rights and interests of the original plaintiff Fannie White, now deceased, and defendant in and to improvements placed upon certain real property located in Truth or Consequences, New Mexico.

W. F. White, deceased, the defendant's father and predecessor in title and interest to the land involved in this case, held the legal title before he married the plaintiff in 1946. At the time of this marriage the only improvements on the real estate were an adobe house with a lean-to and a two-unit duplex, which improvements, together with the furniture therein at such time, were in a poor state of repair. Extensive improvements were added during the time the plaintiff and W. F. White were living together as husband and wife, the trial court finding that such improvements were paid for out of community funds. The plaintiff assisted in the operation of the rental business generally, did the necessary cleaning, laundry, and devoted her time and efforts to the benefit of the community.

W. F. White and the plaintiff separated in December 1954 and thereafter lived apart from each other. In January 1955, one month after their separation, W. F. White executed a warranty deed to defendant Bryan White, his son by a former marriage, conveying the fee to this entire property, which deed was made and delivered without the knowledge or consent of the plaintiff. W. F. White died in February 1955, two weeks after the date of the deed, at the age of 92 years.

In this action, the plaintiff prayed for a decree vacating and setting aside the conveyance to defendant for want of consideration and fraud practiced on plaintiff or, in the alternative, for a decree charging the property conveyed to defendant with an

equitable lien in favor of the community or in favor of the plaintiff, or both.

The trial court found that the improvements made after the marriage were paid for out of community funds to the extent of $7,170 and, finding that no actual fraud was proved, upheld the conveyance but allowed the plaintiff a lien on the property in the amount of $3,585, 50% of the value of such improvements.

After the demise of the plaintiff during the pendency of this appeal, her heirs at law and a party in interest were substituted by order of this court under Supreme Court Rule 8.

In his brief, defendant (appellant) sets out fifteen alleged errors of the trial court but in his argument he treats these alleged errors under two points.

 Under his first point, defendant argues that the evidence submitted by the plaintiff to establish the rental income from the business and the cost of the improvements made by the community was insufficient to support the decree.

It is undisputed that the improvements to W. F. White's separate property were added during the time the parties were living together as husband and wife and that the rental income was derived as the result of the skill and industry of the community. Under such circumstances the trial court was correct in treating such rental income as community property. Laughlin v. Laughlin, 49 N.M. 20, 155 P.2d 1010; Katson v. Katson, 43 N.M. 214, 89 P.2d 524.

It is incumbent on the spouse claiming a lien on the other's separate property for improvements placed thereon by community funds to establish the amount of such funds. Laughlin v. Laughlin, supra. Plaintiff introduced evidence of the cost of the improvements placed on the premises subsequent to the marriage and evidence was also introduced as to the increased value of the whole as a result of such improvements. Plaintiff herself testified to the amount of the rental income for the years concerned and, although she admitted she kept no books or accounts during this period, she stated she personally collected the rents and that her figures were calculated by multiplying the unit rentals by the time periods and deducting for possible vacancies. The trial court is the sole judge of credibility of witnesses and weight to be given their testimony. Luna v. Flores, 64 N.M. 312, 328 P.2d 82; Waters v. Blocksom, 57 N.M. 368, 258 P.2d 1135.

Although the burden was upon the plaintiff to establish the amount of her claim of lien, the burden of proving what portion of the community income represented the rental value of the husband's separate property in its original state was upon the defendant. Strong v. Eakin, 11 N.M. 107, 66 P. 539; Brown v. Lockhart, 12 N.M. 10, 71 P. 1086; Roberts v. Roberts, 35 N.M. 593, 4 P.2d 920; Loveridge v. Loveridge,

52 N.M. 353, 198 P.2d 444. The defendant offered no testimony in his own behalf. In view of the utter lack of evidence to show that such improvements as were made on the husband's separate property in this case were paid for out of separate funds of the deceased rather than out of the community income, or even that he had such separate funds available for such purpose, the trial court correctly concluded that community funds were used to make the improvements.

We have examined the record and are satisfied that there is substantial evidence in support of the findings of the trial court. Findings supported by any substantial evidence will not be disturbed on appeal. Padilla v. Northcutt, 57 N.M. 521, 260 P.2d 709; Luna v. Flores, supra. Consequently we must reject the defendant's first point in this appeal.

■ The defendant's second point on appeal can be summarized as arguing that he is an innocent purchaser for value of the separate property of his father and, there being no fraud in fact proven, equity cannot impress the property with an equitable lien to protect the plaintiff's community property interest—assuming she has such an interest—after the father's conveyance by deed.

The general rule stated by the annotator at 54 A.L.R.2d 461 is that:

"* * * a lien or charge of the sort here in question may be enforced against all persons subsequently entitled who do not stand in the position of bond fide purchasers for value."

This rule is stated in 4 Am.L.Prop., § 17.1, at page 524, in speaking of priorities:

"But when the earlier right is equitable, the courts allow it priority in the event only that the holder of the later legal interest acquired it with notice, or did not pay value for it; if the holder of the later legal claim is a purchaser for value without notice of the earlier equitable right or interest, the equitable doctrine of bona fide purchaser prevails and it is the later claim which is protected."

See, also, Jones v. Davis, 15 Wash.2d 567, 131 P.2d 433, where the Washington court allowed the community's right to a lien to follow the land into the hands of a gratuitous grantee of the owning spouse.

We held above that the plaintiff has a community property interest so the question then resolves itself to a determination of whether this defendant was such an innocent purchaser for value as would cut off the plaintiff's rights to an equitable charge upon the land after conveyance to him.

The marriage relationship between the defendant's father and the plaintiff existed from 1946 until 1955. This was in itself

474

sufficient to put the defendant on notice of the plaintiff's interest in the premises and to remove him from the bona fide purchaser rule, allowing the plaintiff's lien to follow the land into his hands. In view of our holding, the arguments on fraud are deemed immaterial.

In reply to the plaintiff's contention that the deed was executed without consideration, defendant quotes from 26 C.J.S. Deeds § 16, pp. 607–608:

> " * * * as between the parties, their heirs or privies, a deed is good without consideration, in the absence of some wrongful act on the part of the grantee, such as fraud, or undue influence * * *."

We have no quarrel with this statement of law but this is not a contest between the parties to the deed. And defendant nowhere argues that consideration was given and by this argument apparently admits that the deed was without consideration, another factor which would remove him from the operation of the bona fide purchaser rule.

As a final argument, defendant quotes extensively from our decision in Lumpkins v. McPhee, 59 N.M. 442, 286 P.2d 299, arguing that we declined to uphold a lien in that case upon facts much stronger than exist in the instant case. That case did not involve community property but was an action by a judgment creditor to impress a lien upon property conveyed by a daughter to her mother, the creditor alleging that the conveyance was made in contemplation of insolvency, and that the mother had knowledge of her daughter's fraudulent intent. In a well reasoned opinion, Mr. Justice Sadler found the evidence insufficient to sustain the decree of a lien. There was no satisfactory proof of the grantor's insolvency at the time of the conveyance or any satisfactory showing of the extent the grantee was familiar with the grantor's financial condition. In the instant case the defendant was familiar with the marital status of his father as well as with the operation of the community enterprise on his father's separate property. In the McPhee case, no fraudulent intent was shown to exist in the grantee at the time of the conveyance and over ½ of the purchase price had been paid at the time the grantee was chargeable with constructive notice or knowledge of the grantor's fraudulent intent in making the sale. In this case, the defendant was familiar with the plaintiff's community property interest at the time of the conveyance and long before. And in the McPhee case there was a full and adequate consideration for the conveyance, namely the exact amount paid for the property by the grantor; thus that conveyance was not without consideration as it apparently was in the instant case. Inasmuch as the McPhee case differs so greatly on the facts from this case, it cannot be considered

as authority for the defendant's position here.

The defendant being neither an innocent purchaser without notice of the plaintiff's claim nor a purchaser for value, he cannot escape the plaintiff's right to an equitable charge upon the land conveyed to him and his legal title is subject to the plaintiff's equitable lien.

The judgment of the lower court ought to be, and is hereby affirmed and

It is so ordered.

LUJAN, C. J., and SADLER, McGHEE, and COMPTON, JJ., concur.