344 P.2d 947

STATE of New Mexico ex rel. S. E. REYN-OLDS, State Engineer, and Pecos Valley Artesian Conservancy District, Plaintiffs-Appellees,

v.

Mary A. MASSEY, Defendant-Appellant.

No. 6565.

Supreme Court of New Mexico.

Oct. 2, 1959.

Frazier & Cusack, Roswell, for appellant.

Hilton A. Dickson, Jr., Atty. Gen., Charles D. Harris, J. Lee Cathey, Sp. Asst. Attys. Gen., John F. Russell, Roswell, for appellees.

MOISE, Justice.

This appeal arises out of the same proceeding as the one in State v. Sharp, No. 6566, 66 N.M. 192, 344 P.2d 943.

The first question raised is one of jurisdiction. The discussion and disposition of that question in cause No. 6566 applies here.

As in cause No. 6566, appellants complain that they have been adjudicated a water right to irrigate only 38.8 acres in the SE¼NE¼ of Section 35, Township 10 South, Range 24 East, N.M.P.M., whereas they assert the right should have been to irrigate 48 acres.

The Dallas survey, being a hydrographic survey made by the State Engineer's office, shows 38 acres in cultivation in 1935, and the balance of the tract marked "D". Appellant asserts that the symbol "D" indicated the land was dry, but had been previously irrigated, and predicates her claim to 48 acres on this fact plus the claim that the Dallas survey is inaccurate, and also argues that appellee did not plead or claim that there had been an abandonment or forfeiture of a right, but rather that there had never been a valid right to irrigate this addi-

tional 9.2 acres. In addition, witnesses were produced who testified that the entire acreage had been irrigated since 1910.

As opposed to this, appellee points to the Dallas survey and the testimony of Mr. Allen who stated that the area marked "D" had never been irrigated prior to 1935 (the court found this acreage had not been irrigated for more than four years prior to the survey), a declaration of ownership of underground water right filed by a predecessor in title of appellant in 1927 claiming rights to irrigate 40 acres, an amended declaration filed for appellant by her husband in February, 1941, stating under oath that the well was used to irrigate 38 acres, and an application to repair the well filed in 1952 and approved by the State Engineer in which the acreage is recited as 38 acres.

Appellant would avoid the damaging implications of the 1941 declaration and 1952 application by the assertion that they were prepared by employees in the State Engineer's office after receiving assurances from them that she could not be adversely affected, and without full appreciation of their significance.

That the presentation made by appellant would have supported a determination of a right in her to irrigate the full 48 acres can not be doubted. However, the trial court did not so find, but on the contrary found the evidence to preponderate on the side of appellee and that appellant had the right to irrigate 38.8 acres only. There being substantial evidence to support this finding, we will not disturb it. Luna v. Flores, 64 N.M. 312, 328 P.2d 82.

In what we have said we have disposed of all of appellant's points except one. They were all addressed to the weight given to the evidence by the court—the appellant contending that appellee's evidence was given undue consideration whereas that of the appellant was not accorded the consideration to which it was entitled.

The additional point of appellant is to the effect that counsel of appellee stated at the outset of the trial that they were not claiming abandonment or forfeiture of a right, but were claiming no right ever existed to irrigate the 9.2 acres in question, and that thereafter the court found that the 9.2 acres had not been irrigated for more than four years prior to 1935. The court did not find there had been a forfeiture, but concluded that appellant had failed to establish that these 9.2 acres had ever been irrigated prior to 1931, the date when the basin was closed to further appropriations. No error appears in this action of the trial court.

There being no error, the order of the lower court is affirmed.

It is so ordered.

LUJAN, C. J., and McGHEE, COMPTON, and CARMODY, JJ., concur.